Home Life Insurance Company of America *v.* Greenspan et al., Appellants.

Argued November 16, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Edward Unterberger,* for appellants.

*Kendall H. Shoyer,* with him *Mortimer B. Rosenberger,* and *Shoyer, Rosenberger, Highley, Spiegel & Cunniff,* for appellee.

544

The Home Life Insurance Company of America, appellee, filed its bill in equity against Morris J. Greenspan, Blanche Greenspan, his wife, and Herman Barish, guardian for Morris J. Greenspan, appellants, to (1) compel surrender of an Ordinary life insurance policy, with special disability benefits, for reformation and for reissuance of said policy in an amount and with provisions applicable to persons of insured's correct age, and (2) to compel repayment to it of excess disability benefits theretofore paid, with interest thereon, or to charge against current benefits such amounts necessary to recoup said overpayments. The chancellor found that insured had fraudulently misrepresented his age and granted the relief prayed for. This appeal is from the decree of the court *en banc* dismissing exceptions thereto and adopting the decree of the chancellor as the final decree of the court.

Appellants challenge (1) the finding of fact that insured was born February 1, 1886, and not February 1, 1891, asserting that an original petition for naturalization of insured and an application for a marriage license, evidence establishing the date February 1, 1886 as the date of insured's birth, were improperly admitted; and (2) the conclusion that a willful misstatement by insured of the date of birth constituted a legal fraud upon the insurer entitling it to equitable relief in the nature of reformation and reissuance of the policy.

Morris J. Greenspan, on April 7, 1926, made application to The Home Life Insurance Company of America, appellee, for an Ordinary life insurance policy with special disability benefits. In the answer to questions therein regarding the place and date of birth he set forth: "Austria, February 1, 1891." On April 25, 1926, Greenspan signed an application before the insurer's medical examiner wherein he again set forth his place and date of birth as Austria, February 1, 1891. On June

3, 1926, insurer issued and delivered to Greenspan its policy of insurance in the amount of $10,000.

The policy, issued under the subject to the insurance laws of the Commonwealth of Pennsylvania, contained waiver of premium and disability income provisions. It also contained the following provision: "MISSTATE-MENT OF AGE:—If the age of the Insured has been misstated in the application for this policy, the amount payable hereunder shall be such as the premium paid would have purchased at the correct age. Age will be admitted on satisfactory proof."

On January 2, 1929, Greenspan filed a claim for total and permanent disability benefits. Herman Barish was appointed guardian of insured on March 29, 1929, and forthwith filed his claim for total and permanent disability benefits and continued to file such claim. Beginning on June 17, 1929, and up to and including April 1, 1946, appellee allowed the claims for disability benefits and paid to Greenspan, or his guardian, $100 per month, or a total of $20,300. On August 18, 1944, insurer, for the first time, became aware of a probable misstatement as regards insured's age. If insured was born February 1, 1886, the amount payable under the policy which the premium would have purchased at the correct age would have been $87.17 monthly, and the excess of the correct disability benefits which insured paid to Greenspan would have totaled $2,604.49.

Greenspan, in his petition for application to become a citizen of the United States of America, dated April 8, 1909, stated under oath that he was born February 1, 1886. This original petition was admitted in evidence over objection. In his application for a marriage license Greenspan again set forth under oath the date of his birth as February 1, 1886. This evidence also was admitted over objection. Blanche Greenspan, wife of insured and beneficiary under the policy, testified: "Q. When was Morris J. Greenspan born? A. 1891." She further testified that she was present when the applica-

tion for the marriage license was made and was asked: "Q. Do you know what age your husband gave? A. He gave the same age as when he came over, in the passport, on the boat. BY THE COURT: February 1, 1886? A. That is right."

The chancellor, relying upon the statement in the petition for naturalization and for a marriage license, found as a fact that "Morris J. Greenspan was not in fact born on February 1, 1891, but in truth was born February 1, 1886." A decree *nisi* was entered directing surrender of the policy for reformation and reissuance thereof showing insured's correct date of birth, reducing the face amount of the policy to $8,717.03 and providing for corresponding reductions in benefits, holding the insured and his estate indebted to appellee in the principal sum of $2,604.49, with interest, the same to be recovered by appellee by withholding monthly disability payments of $87.17 per month, or, if Greenspan should die before the indebtedness be discharged, the balance remaining due appellee to be deducted from the principal sum payable at insured's death. This decree was adopted by the court *en banc* as a final decree.

The original naturalization petition and application for marriage license were clearly relevant and material for they established that, at the respective times, insured had stated under oath that the date of his birth was February 1, 1886. Competency of these documents to prove this fact is not affected by the failure of congress or the legislature of this Commonwealth to decree their admissibility. Naturalization records have been relied upon to establish an insured's age: *Hervitz v. New York Life Insurance Co.*, 160 Pa. Superior Ct. 496, 52 A. 2d 368; *Caulfield v. Aetna Life Insurance Co.*, 144 Pa. Superior Ct. 257, 19 A. 2d 575. In addition to the record evidence, insured's wife stated that she was present when he signed the application for the marriage license and that the date he gave, February 1, 1886, was the same as that given to the authorities when he secured his pass-

port for entry into this country. Her prior testimony that he was born in 1891 is of little weight for the source of her information was insured's statement to her, which was hearsay. The finding of the chancellor that the date of birth was February 1, 1886, was affirmed by the court *en banc,* is amply supported by the evidence and has the force and effect of the verdict of a jury. It cannot be held that the finding was arbitrary or capricious and it will not be disturbed. Equally supported is the finding that the date, February 1, 1891, was given by insured with intent to defraud the insurer and to secure an undue advantage.

Section 410(e) of the Act of 1921, P. L. 682, 40 PS Section 510(e) provides that all policies of life insurance shall contain: "A provision that, if the age of the insured has been misstated, the amount payable under the policy shall be such as the premium would have purchased at the correct age." This provision is not inconsistent with the incontestability clause for appellee in the instant case is not seeking to set aside or void the contract of insurance but merely to reform and correct errors induced by insured's misstatement of age. See *Feierman v. Eureka Life Insurance Co.,* 279 Pa. 507, 510, 124 A. 171.

There is no merit to the contention that appellee is barred by the Statute of Limitations from recovering overpayments for a period in excess of six years. The fraud perpetrated upon appellee was not discovered until August 18, 1944, when an investigation conducted by appellee and other insurers holding similar contracts of insurance on Greenspan revealed facts which ultimately resulted in revealing the misstatement of age. Less than six years have elapsed since the discovery of the fraud and no facts have been alleged and proven which might operate as an equitable estoppel.

Decree affirmed; each party to pay its own costs.