Eugene & Helaine BERNICKER, husband and wife,

v.

Leonard PRATT and Drexel Burnham Lambert, Inc.

Civ. A. No. 83–5645.

United States District Court, E.D. Pennsylvania.

Oct. 18, 1984.

Joseph R. Giannini, Philadelphia, Pa., for plaintiffs.

Jonathan K. Wright, Philadelphia, Pa., Matthew Farley, Newark, N.J., for defendants.

## MEMORANDUM and ORDER

JOSEPH S. LORD, III, Senior District Judge.

Plaintiffs claim they relied on the allegedly fraudulent advice of defendant Pratt in deciding to invest in certain tax straddles. Plaintiffs further allege they invested in the scheme for the sole purpose of deferring payment of tax on substantial capital gains. Unfortunately for plaintiffs, however, the Internal Revenue Service (IRS) recently challenged and disallowed the deductions related to the tax straddles. After learning that they would have to pay the IRS more than $53,000 plus interest and penalty, plaintiffs brought this action asserting both state and federal claims. In this "motion for summary judgment and dismissal of complaint," defendants now argue that plaintiffs' federal claims are barred by the statute of limitations, that Counts I and III do not state a claim on which relief can be granted, that plaintiffs' pendent state law claims must be dismissed, and that the complaint does not allege fraud with the particularity required by F.R.Civ.P. 9(b). Each of these allegations will be addressed in turn.

■ Defendants, in their efforts to demonstrate that plaintiffs' suit is time-barred, look to the Commodity Exchange Act, 7 U.S.C. § 1 *et seq.* and the Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq.* Neither of these statutes is relevant to the issue before me. The Commodity Exchange Act does not provide a statute of limitations for federal court actions, and the two year limitations period applicable to reparations proceedings before the Commodity Futures Trading Commission is not binding on this court. *See e.g. Shelley v. Noffsinger,* 511 F.Supp. 687, 690 (N.D.Ill. 1981); *Bache Halsey Stuart Inc. v. Namm,* 446 F.Supp. 692, 697 (S.D.N.Y. 1978).

Under Section 10(b) of the Securities Exchange Act, courts may look either to the Blue Sky law of the forum state or the statute of limitations provided for common law fraud actions in the forum state. Defendants themselves go to great lengths to demonstrate in another section of their brief, however, that the tax straddles at issue in this case involved commodities, not securities. I agree and plaintiffs do not contest this issue. The statute of limitations provided in the Pennsylvania Securities Act, Pa.Stat.Ann. tit. 70, § 1–504(a) (Purdon Supp.1980), is therefore not applicable to the case before me.

I am, therefore, left with the Pennsylvania limitations period governing actions for common law fraud. However, the determination of what this period is now is no easy task. It is indisputable that until June 27, 1978, the statute of limitations for actions for common law fraud was six years. Pa. Stat.Ann. tit. 12 § 31 (Purdon 1953); *Home Life Insurance Co. v. Greenspan,* 360 Pa. 542, 63 A.2d 72 (1949). On June 27, 1978, the Judiciary Act 1976, which created the Judicial Code, went into effect. The Code repealed several statutes of limitations and provided a new limitations scheme, *see* Act of July 9, 1976, Act No. 142, 1976 Pa. Laws 586 (Codified at 42 Pa.Cons.Stat.Ann. §§ 5521–5536) (Purdon 1981).), including a

two year period for such specific torts as false imprisonment, false arrest, assault, battery, negligence, and trespass to land and chattels. *Id.* § 5524. It significantly fails to include fraud. Section 5524(3) of the Code mandates a two year limitations period for actions for "taking, detaining, or injuring personal property". Again, there is no mention of actions for fraud. If fraud is not included in § 5524, it would fall within the six year limitation in § 5527(6) which provides that "any civil action or proceeding which is neither subject to another limitation specified in the sub-chapter nor excluded from the application of the period of limitation by § 5531 ... must be commenced within six years." Certainly, it is at best unclear from the language of the statute that the legislature intended to change the limitations period from six years to two years.

The legislative history of the Act is not helpful in determining which period applies to actions for common law fraud, and the Pennsylvania Supreme Court has not yet addressed the issue. I have found only one Superior Court decision involving the statutory period, and in that case the court simply assumed without discussion that § 5524(3)—the two year statute of limitations applicable to actions for "taking, detaining, or injuring personal property"—applies to an action for common law fraud. *Bickell v. Stein,* 291 Pa.Super. 145, 435 A.2d 610 (1981). The court then proceeded to determine whether the plaintiff filed the action within that time period. *Id.*

Federal courts that have wrestled with this issue have reached no consensus. Two federal courts have simply held that the period is either six or two years without deciding which it is. *See Biggans v. Bache Halsey Stuart Shields, Inc.,* 638 F.2d 605, 607 (3d Cir.1980); *Goodman v. Moyer,* 523 F.Supp. 35, 37 (E.D.Pa.1981). In *Fickinger v. C.I. Planning Corp.,* 556 F.Supp. 434 (E.D.Pa.1982), Judge Shapiro was persuaded that the statutory period had indeed changed to two years. The court was influenced by the *Bickell* decision, *supra,* and by a memorandum from the Special

Committee on the Judicial Code of the Pennsylvania Bar Association that stated:

... [P]eriods applicable to conversion of or injury to personal property and waste or trespass to real property are reduced from six to two years to conform to the modern principle that claims based on conduct, and hence relying on unwritten evidence, should have relatively short statutes of limitations, so as to bring them to trial ... before memories have faded.

*Fickinger, supra,* at 439, *quoting* Special Committee on the Judicial Code of the Pennsylvania Bar Association, Explanatory Memoranda Relating to Proposed Judicial Code 17 (1973). The court reasoned that "proof of the elements of fraud may present even more problems of lapsed memory than proof of physically manifested torts; this suggests that the Legislature intended to place fraud in the same category as such torts." *Id.*

Nevertheless, Judge Giles in *Culbreth v. Simone,* 511 F.Supp. 906 (E.D.Pa.1981), held that "[i]n the absence of a state law precedent post dating the Judiciary Act or a clearly manifested legislative intent, the court cannot hold that a drastic change of the common law period from six (6) years to two (2) years was intended." *Id.* at 917. Although Judge Giles decided this case before the *Bickell* opinion was filed by the Superior Court, it certainly cannot be said that *Bickell* is a definitive and authoritative state law precedent.

Since the case law and legislative history have not been helpful, I have considered the Pennsylvania Supreme Court's guidelines for interpreting statutes:

When confronted with questions of statutory construction, this Court has repeatedly held that the words of a statute are to be interpreted in light of the antecedent case law. *Tarlo's Estate,* 315 Pa. 321, 172 A. 139 (1934). Thus, legislative intent to effectuate a drastic change in the law is not to be inferred by mere omission and implication. *Young v. Kaye,* 443 Pa. 335, 279 A.2d 759 (1971).

*Truck Terminal Realty Co. v. Commonwealth of Pa.*, 486 Pa. 16, 23, 403 A.2d 986 (1979). The inclusion of fraud within the new two year statute can be done only by reliance on omission and implication. Neither the language of the Judicial Code nor its legislative history makes clear whether the legislature intended to alter the statute of limitations for actions for common law fraud, and there is no satisfactory state court decision interpreting the statute. I can only conclude that the limitations period for fraud has not been drastically reduced from six to two years. Therefore plaintiffs' action, which was filed within six years of the dates on which defendants allegedly defrauded them, is not time-barred, and defendants' motion for summary judgment based on the statute of limitations will be denied.

Defendants also allege that plaintiffs failed to satisfy F.R.Civ.P. 9(b) which requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Under this Rule, plaintiffs must set forth the time, place, and content of the false representation, the fact or facts misrepresented, and what was obtained or given up as a consequence of the fraud. *Seligson v. Plum Tree, Inc.*, 361 F.Supp. 748, 756 (E.D.Pa.1973). *See also In re Sugar Industry Antitrust Litigation*, 73 F.R.D. 322, 349 (E.D.Pa.1976). While plaintiffs allege that the investment scheme was sold to plaintiffs "without legal basis nor adequate disclosure" and that defendants "fraudulently induced plaintiff to invest in tax straddles by misrepresenting the controlling Internal Revenue Code provision," no specific or satisfactory allegations of fraud appear in the complaint. Instead, plaintiffs make vague references to defendants' "artifice," "manipulation," and "devices." Defendants note in their memorandum of law, "one can read [the] complaint from cover to cover ... and still have no idea what this 'scheme' or 'device' supposedly was, in what way it was fraudulent, and how defendants knew it was fraudulent." I agree.

Because dismissing the complaint for failure to comply with F.R.Civ.P. 9(b)

seems a particularly harsh remedy, I may treat defendants' motion to dismiss as a motion for a more definite statement. *Seligson, supra*, at 756; *Lynn v. Valentine*, 19 F.R.D. 250 (S.D.N.Y.1956). In fact, defendants argue that if the complaint were pleaded with the requisite particularity, defendants may be able to prevail on a motion for summary judgment. I shall therefore consider defendants' motion as a motion for a more definite statement and shall grant it as such. I shall allow plaintiffs twenty days to file an amended complaint specifying the time, place, content and circumstances of the alleged misrepresentations. Failure to do so shall result in the dismissal of the complaint. In addition, defendants' motion to dismiss Count III will be stayed pending the filing of the amended complaint.

Defendants' motion to dismiss Count I of this complaint will be granted because, as plaintiffs agreed in their response to defendants' motion, the Securities Exchange Act, on which Count I is based, is inapplicable to the facts of this case. Finally, defendants' motion to dismiss plaintiffs' state law claims will be denied because I have retained jurisdiction over some of plaintiffs' federal law claims. I may therefore retain jurisdiction over plaintiffs' pendent claims.