A.J. CUNNINGHAM PACKING CORPORATION; Chicago Dressed Beef Co., Inc.; Continental Food Products, Inc.; and Florence Beef Company, Plaintiffs,

v.

CONGRESS FINANCIAL CORPORATION and Philadelphia National Bank, Defendants.

PIERCE TRADING COMPANY, Plaintiff,

v.

CONGRESS FINANCIAL CORPORATION and Philadelphia National Bank, Defendants.

Civ. A. Nos. 84–2061, 84–2063.

United States District Court,
W.D. Pennsylvania,
Civil Division.

May 28, 1985.

Michael Malakoff, Michael Fishbein, John P. Curran, Philadelphia, Pa., for plaintiffs.

Eric A. Shaffer, Pittsburgh, Pa., Morton L. Gitter, New York City, for defendant Congress Financial.

Richard DiSalle, Henry J. Kupperman, Philadelphia, Pa., for defendant Philadelphia Nat. Bank.

## OPINION

SIMMONS, District Judge.

### I.

Plaintiffs brought these above-captioned actions against the Defendants Congress Financial Corporation and Philadelphia National Bank on August 29, 1984, alleging violations of RICO [Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*] common law deceit, and misrepresentation. Plaintiffs claim that between September, 1979, and January, 1981, Defendants made false representations to Plaintiffs concerning the financial strength and capitalization of American International Meat Importers, Inc. (AIMI), and a related company, American International Meat Co. (AIMC), which misrepresentations the Plaintiffs allege that they relied upon in selling meat to AIMI on a credit basis.

Defendants have moved for summary judgment, contending that the above-captioned cases are time-barred by the two year limitations period in Pennsylvania applicable to common law fraud. It is the Defendants' contention that by January 27, 1981, the date bankruptcy petitions were filed by AIMI, the Plaintiffs knew, or should have known, of the alleged misrepresentations regarding the financial condition of AIMI, and that the Plaintiffs thereafter had until January 27, 1983 to file a timely complaint.

Oral argument has been held on all of the motions for summary judgment, briefs have been submitted in support of the respective positions, and the matter is now ready for decision by this Court. The Defendants contend that at the relevant time, the period of limitations for common law fraud in Pennsylvania was two years; Plaintiffs, however, claim that the appropriate limitations period at the relevant time was six years. Plaintiffs concede that they were on notice of the facts giving rise to their claim for relief more than two, but less than six years before the above-captioned cases were commenced.

### II.

It is uncontested that there is no specified period of limitations for cases brought under RICO, and it is likewise uncontested that in cases brought under RICO, the common law fraud action is the most analogous state cause of action appropriate to effectuate the remedial purposes of RICO. *See Board of Regents v. Tomanio*, 446 U.S. 478, 483–84, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980); *Polite v. Diehl*, 507 F.2d 119, 122 (3d Cir.1974) (*en banc*). Plaintiffs acknowledge that there is no dispute as to any fact material to the resolution of Defendants' motions, and the only matter to be resolved by this Court is the question of law of whether at the relevant time, the two year or six year limitations period applied to actions for common law fraud in Pennsylvania.

The Pennsylvania Supreme Court has never addressed this question of the applicable limitations period for common law fraud in Pennsylvania subsequent to the enactment of the 1976 Judicial Code, so this Court must predict how the Pennsylvania Supreme Court would decide the matter, and in so predicting, this Court must accord the decisional law of lower state courts "proper regard" but not conclusive effect. *Safeco Insurance Company of*

**534**

*America v. Wetherill*, 622 F.3d 685, 688 (3d Cir.1980); *McKenna v. Ortho Pharmaceutical Corporation*, 622 F.2d 657, 661 (3d Cir.1980).

Relevant to the consideration of the above-captioned cases are certain statutory provisions: 12 P.S. § 31, 42 Pa.C.S.A. § 5524(3), 42 Pa.C.S.A. § 5524(3) as amended, and 42 Pa.C.S.A. § 5527.

A two year limitations period is provided in 42 Pa.C.S.A. § 5524 (Purdon 1981), as follows:

The following actions and proceedings must be commenced within two years:

. . . . .

(3) An action for taking, detaining or injuring personal property, including actions for specific recovery thereof.

A six year limitations period is set forth in 42 Pa.C.S.A. § 5527 (Purdon 1981), which contains a residual provision:

The following actions and proceedings must be commenced within six years:

. . . . .

(6) Any civil action or proceeding which is neither subject to another limitation specified in this subchapter nor excluded from the application of a period of limitation by section 5531 (relating to no limitation).

These two sections, sections 5524 and 5527, were created by the Judicial Code, Act of July 9, 1976, Act No. 142, 1976 Pa.Laws 586, and became effective on June 27, 1978. However, any proceeding where the statute of limitations was reduced could be commenced within one year after the effective date of the enactment, or the period heretofore limited by statute, whichever was less. Section 25(a) and 25(b) of Act 1976, July 9, P.L. 586, No. 142. The Official Source Notes indicate that section 5524(3) was derived from 12 P.S. § 31.

Prior to the 1976 enactment of the Pennsylvania Judicial Code, the limitations period for common law fraud was six years, as set forth in 12 P.S. § 31:

§ 31. Personal actions, when to be brought.

All actions of trespass quare clausum fregit, all actions of detinue, trover and replevin, for taking away goods and cattle, all actions upon account and upon the case . . ., all actions of debt grounded upon any lending, or contract without specialty, all actions of debt, for arrearages of rent, . . . and all actions of trespass, of assault, menace, battery, wounding and imprisonment . . . shall be commenced and sued within the time and limitation hereafter expressed, and not after; that is to say, the said actions upon the case, other than for slander, and the said actions for account, and the said actions for trespass, debt, detinue and replevin, for goods or cattle, and the said actions of trespass quare clausum fregit . . . within six years next after the cause of such actions or suit, and not after. And the said actions of trespass, of assault, menace, battery, wounding, imprisonment, or any of them, within . . . two years next after the cause of such actions or suit, and not after; . . . .

12 P.S. § 31 (1953).

The Pennsylvania statute, 42 Pa.C.S.A. § 5524(3), which mandates a two year limitations period for actions involving "taking, detaining or injuring personal property" does not specifically mention an action for fraud, and so, if it is not included under the provisions of section 5524, an action for common law fraud would be subject to the residual limitations period expressed in 42 Pa.C.S.A. § 5527(6), which specifies that a six year limitations period is applicable.

To further complicate matters, in 1982 the Pennsylvania legislature amended 42 Pa.C.S.A. § 5524 to include the following among the actions and proceedings which must be commenced within the two year limitations period:

(7) Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, . . . .

42 Pa.C.S.A. § 5524(7) (Supp.1984–85). As amended, 1982, December 20, P.L. 1049, No. 326, Art. II, § 201, effective in 60 days.

Section 403 of the Act of December 20, 1982, provided in part that the amendment "shall apply only to causes of action which accrue after the effective date of this act." As of February 18, 1983, then, the limitations period for fraud and deceit in Pennsylvania was clearly two years.

The Pennsylvania Supreme Court has never addressed the issue of whether a two year or a six year limitations period applies during the time period between the effective date of the enactment of section 5524 (June 27, 1978) and the effective date of the 1982 amendment to section 5524 (February 18, 1983). The Superior Court of Pennsylvania in *Bickell v. Stein*, 291 Pa.Super.Ct. 145, 435 A.2d 610 (1981), assumed the applicability of the two year limitations period without otherwise discussing the matter. Some federal courts have held that a two year limitations period is applicable, while others have held that the limitations period is six years. *See, e.g., Sharp v. Coopers & Lybrand*, 649 F.2d 175 (3d Cir.1981); *Culbreth v. Simone*, 511 F.Supp. 906 (E.D.Pa. 1981) (Giles, J.); *D'Iorio v. Adonizio*, 554 F.Supp. 222 (M.D.Pa.1982) (Caldwell, J.); *Eisenberg v. Gagnon*, 564 F.Supp. 1347 (E.D.Pa.1983); *Bernicker v. Pratt*, 595 F.Supp. 1034 (E.D.Pa.1984) (Lord, J.), for cases applying the six year limitations period. *See, e.g., Fickinger v. C.I. Planning Corporation*, 556 F.Supp. 434 (E.D.Pa. 1982) (Shapiro, J.); *Malley-Duff Associates, Inc. v. Crown Life Insurance Co.*, Civil Action Number 81–439, Memorandum Opinion (W.D.Pa. March 23, 1984) (Bloch, J.), for cases applying a two year limitations period.

### III.

In *Biggans v. Bache Halsey Stuart Shields*, 638 F.2d 605 (3d Cir.1980), an action was brought by a customer claiming damages from a brokerage house for excessive trading of a customer's account. The United States Court of Appeals for the Third Circuit recognized the problem created by the Pennsylvania Judicial Code with respect to the limitations period for fraud, but declined to resolve it:

> Under the new scheme, it is unclear whether the two-year period applicable to actions for "taking, detaining or injuring personal property ..." *id.* § 5524(3) or the six-year catch-all provision, *id* § 5527(6), applies to an action based on common law fraud.... We need not decide that issue because it would not make a difference under the circumstances presented here. If the six-year catch-all provision applies, the limitations period is the same under both the old and new statutes. Even if the two-year statute is generally applicable to fraud actions it would be inapplicable in this case because of the operation of the transition section,....

638 F.2d at 607 n. 2.

This problem was next addressed by the Third Circuit in *Sharp v. Coopers & Lybrand*, 649 F.2d 175, 191–92 (3d Cir.1981), where the Court cited *Biggans, supra*, as authority for a six year limitations period for common law fraud. However, because the cause of action in *Sharp* accrued in 1973, well before the effective date established by the Pennsylvania Judicial Code, the effect of the Pennsylvania Judicial Code on the limitations period for fraud was not discussed or considered. *Sharp*, therefore, is of no assistance in resolving the issues presently before this Court.

In *Bickell v. Stein*, 291 Pa.Super.Ct. 145, 435 A.2d 610 (1981), the Superior Court of Pennsylvania simply assumed that 42 Pa.C.S.A. § 5524(3), the two year limitations period for "taking, detaining or injuring personal property" was the applicable limitations period for a cause of action based on fraud, and the Court then focused on whether in that case there were sufficient facts alleged to justify the tolling of the statutory limitations period. 291 Pa.Super. at 149–151, 435 A.2d 610.

The issue of the applicable limitations period was specifically analyzed by Judge Shapiro in *Fickinger v. C.I. Planning Corporation*, 556 F.Supp. 434, 438 (E.D.Pa.

1982). The Court made reference to the Pennsylvania Superior Court opinion of *Bickell, supra,* and determined that the decision in *Bickell* was in accord with the policy of the Pennsylvania legislature in revising the limitations period, as was evidenced by the Explanatory Memoranda of the Pennsylvania Bar Association's Special Committee on the Judicial Code, which stated:

> [P]eriods applicable to conversion of or injury to personal property and waste or trespass to real property are reduced from six years to two years to conform to the modern principle that claims based on conduct, and hence heavily relying on unwritten evidence, should have relatively short statutes of limitations, so as to bring them to trial (after allowance for trial delays) before memories have faded.

556 F.Supp. at 439.

The *Fickinger* Court was persuaded that the limitations period for fraud in Pennsylvania was shortened from six years to two years by the enactment of 42 Pa.C.S.A. § 5524(3):

> Sometimes representations alleged to have been fraudulent are written but often they are oral. Whether or not the representations themselves were in writing, proof of reliance generally depends upon the plaintiff's memory of the defendants' conduct and the reaction to such conduct. Proof of the elements of fraud may present even more problems of lapsed memory than proof of physically-manifested torts; this suggests that the Legislature intended to place fraud in the same category as such torts.

*Id.*

The reasoning in *Fickinger* was cited with approval by Judge Bloch of this district in *Malley-Duff Associates, Inc. v. Crown Life Insurance Co.,* Civil Action Number 81–439 (W.D.Pa. March 23, 1984) (presently on appeal). On the other hand, *Bernicker v. Pratt,* 595 F.Supp. 1034 (E.D. Pa.1984) and *Culbreth v. Simone,* 511 F.Supp. 906 (E.D.Pa.1981), both discussed the limitations period for common law fraud in Pennsylvania, but concluded that the six year limitations period rather than the two period was applicable. *Culbreth* held that in the absence of any state law precedent or clearly manifested legislative intent, a change in the limitations period could not be presumed. *Bernicker, supra,* cited *Fickinger* but declined to follow it, accepting instead the reasoning of Judge Giles in *Culbreth, supra.* Although *Culbreth* was decided prior to the Pennsylvania Superior Court's decision in *Bickell, supra,* Judge Lord in *Bernicker* nevertheless relied on *Culbreth,* believing that *Bickell* was not a definitive and authoritative state law precedent and therefore holding:

> The inclusion of fraud within the two-year statute can be done only by reliance on omission and implication. Neither the language of the Judicial Code nor its legislative history makes clear whether the legislature intended to alter the statute of limitations for actions for common law fraud, and there is no satisfactory state court decision interpreting the statute. I can only conclude that the limitations period for fraud has not been drastically reduced from six to two years.

*Bernicker,* 595 F.Supp. at 1037.

Of the other cases advocating the six year limitations period rather than the two year period, two of these are inapplicable. *D'Iorio v. Adonizio,* 554 S.Supp. 222 (M.D. Pa.1982), relied on *Sharp v. Coopers & Lybrand, supra,* which as this Court has already noted, did not arise under the new limitations period, contained in section 5524(3), and *Eisenberg v. Gagnon,* 564 F.Supp. 1347 (E.D.Pa.1983), was premised on the reasoning stated in *D'Iorio.*

This Court notes that on December 20, 1982, the Pennsylvania legislature amended 42 Pa.C.S.A. § 5524, to add a provision to that section which specifically included actions for deceit and fraud within the scope of the two year limitations period contained in that section, however, the causes of action in the above-captioned cases arose prior to the effective date of the 1982 amendment, so that amendment is inapplicable here. None of the cases which advocated the six year limitations period discussed or

took into account the effect of the 1982 amendment, or considered whether the 1982 amendment could be interpreted as indicating that the legislature intended a two year limitation period for fraud claims when it enacted the 1976 Judicial Code. Plaintiffs place strong reliance on the fact that section 5524(7) was not given retroactive effect, but was instead to take effect 60 days after its enactment, and therefore contend that the intent to make the two year limitations period applicable to common law fraud was first manifested by the Pennsylvania Legislature in 1982.

This Court is of the opinion that section 5524(7) was added to section 5524 in order to clarify that deceit and fraud are actions in trespass which are therefore subject to the two year limitations period contained in section 5524. It is significant that when the 1976 Judicial Code was enacted it became effective *two years* after enactment, and appropriate provisions were then made for the commencement of actions where the time for bringing suit was reduced by the 1976 enactment:

(a) Any civil action or proceeding:

(1) the time heretofore limited by statute for the commencement of which is *reduced* by any provision of this act; ...

.        .        .        .        .

may be commenced within one year after the effective date of this act, or within the period heretofore limited by statute, whichever is less.

Section 25(a) of Act 1976, July 9, P.L. 586, No. 142 [Emphasis added].

This indicates that in 1976 the Pennsylvania legislature intended to reduce certain limitations periods. Since no such provisions for the commencement of actions whose time for bringing suit was reduced were contained in the 1982 amendment, the statutory revisions of 1976 therefore evidence the legislative intent to reduce the period of limitations for fraud, an action in trespass, from six years to two years.

■ This Court believes that the Pennsylvania Supreme Court, if faced with the question, would choose the two year limitations period rather than the six year limitations period for common law fraud, and further believes that the *Fickinger* decision properly takes into account *Bickell, supra,* as well as the intent of the Pennsylvania legislature as evidenced by the language of section 5524. The 1982 amendment clearly evidences the intent of the Pennsylvania legislature to clarify the 1976 revisions to the limitations period, which 1976 revision changed the limitations period from six years to two years. Since the basis of the causes of action alleged in the instant cases are that the financial conditions of certain companies were misrepresented, and since it is uncontested that bankruptcy proceedings were filed at the end of January, 1981, Plaintiffs were put on notice of the alleged fraudulent misrepresentations by February, 1981 at the latest. Indeed, the Plaintiffs concede that they were on notice of the facts giving rise to their claim for relief more than two years before the above-captioned cases were commenced. The two year limitations period began to run in February, 1981, and these actions filed August 29, 1984 were therefore filed untimely. The motions of the Defendants for Summary Judgment will be granted, and an appropriate Order will be entered.