**Frank SEIDMAN and Kathleen Seidman, individually and on behalf of all others similarly situated**

v.

**AMERICAN MOBILE SYSTEMS, INC. and William J. Young.**

**Civ. A. No. 92–1782.**

United States District Court, E.D. Pennsylvania.

Feb. 4, 1993.

324

David H. Weinstein, Robert S. Kitchenoff, Lindsey B. Slaughter, Kohn, Savett, Klein & Graf, P.C., Philadelphia, PA, for plaintiff.

David L. Braverman, Klehr, Harrison, Harvey, Branzburg & Ellers, Philadelphia, PA, for defendants.

### MEMORANDUM ORDER

ROBRENO, District Judge.

AND NOW, this 4th day of February, 1993, upon consideration of defendant's motion to dismiss plaintiffs' class action complaint (Document No. 4), plaintiffs' response thereto, and a February 4, 1993 hearing with counsel for the parties, it is hereby ORDERED that defendant's motion to dismiss plaintiff's class action complaint (Document No. 4) is DENIED for the following reasons:

1. Defendant American Mobile Systems, Inc. ("AMS") moves to dismiss plaintiffs' complaint on three grounds: (1) failure to state a claim for relief; (2) failure to allege the violation of section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") with the specificity required by Fed.R.Civ.P. 9(b); and (3) failure to sat-

isfy Fed.R.Civ.P. 8(a)'s requirement that the complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief.

2. The court may dismiss the complaint only where it appears beyond doubt that plaintiffs can prove no set of facts in support of their claim that would entitle them to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). All well-pleaded factual allegations in the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972). The court must draw all reasonable inferences from the allegations and view them in the light most favorable to the non-moving party. *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir.1989).

3. Defendant contends that plaintiffs failed to allege facts that plaintiffs relied upon the claimed misrepresentations. This theory is without merit. Plaintiffs have brought their action under the fraud-on-the-market theory. (Complaint ¶¶ 38–40) (alleging reliance on "the integrity of the market" and "the integrity of the market price of the stock"). Fraud-on-the-market obviates the need to prove direct subjective reliance upon defendants' alleged misrepresentations by each class member in open market transactions. *Basic, Inc. v. Levinson*, 485 U.S. 224, 242, 108 S.Ct. 978, 989, 99 L.Ed.2d 194 (1988); *Peil v. Speiser*, 806 F.2d 1154 (3d Cir.1986).

4. To utilize the fraud-on-the-market theory, however, plaintiffs must plead that the stock purchases were made on the open market. *Zlotnick v. TIE Communications*, 836 F.2d 818, 821–22 (3d Cir. 1988). Plaintiffs' complaint states that during the proposed class period, AMS common stock was traded on the National Association of Securities Dealers' Automated Quotation System ("NASDAQ"). While plaintiffs do not specifically allege that the NASDAQ is an "efficient and developed market," the court concludes from the totality of the circumstances,[1] for purposes of deciding this motion to dismiss that, in fact, an "efficient and developed market" has been adequately pleaded.

5. The alleged failure to plead facts to satisfy the "in connection" requirement of section 10(b) also fails. The "in connection" requirement is satisfied where a causal connection between the alleged fraud and the transaction is shown. *Angelastro v. Prudential–Bache Securities, Inc.*, 764 F.2d 939, 944 (3d Cir.), *cert. denied*, 474 U.S. 935, 106 S.Ct. 267, 88 L.Ed.2d 274 (1985); *accord, In re Financial Corp. of America Shareholder Litigation*, 796 F.2d 1126, 1129–30 (9th Cir.1986). In a fraud-on-the-market case, the requisite causation is shown through the presumption of reliance. *Peil v. Speiser*, 806 F.2d at 1154.

6. Since in this case, plaintiffs have pleaded facts showing that AMS had a duty to disclose in the public documents filed with the SEC and in other public documents the unauthorized transfers which occurred from April, 1991, to March 25, 1992, and failed to do so, "the court will presume that the misrepresentations occasioned an increase in the stock's value that, in turn, induced plaintiffs to purchase the stock." *Peil v. Speiser*, 806 F.2d at 1161. Therefore, plaintiffs' complaint adequately

---

**1.** "[O]n a motion to dismiss the question is whether plaintiff has alleged that the stock traded in an efficient market, or whether any of the facts alleged give rise to such an inference." *Hayes v. Gross*, 982 F.2d 104, 107 (3d Cir.1992); *see also Cammer v. Bloom*, 711 F.Supp. 1264, 1286–87 (D.N.J.1989) (factual allegations sufficient to establish efficiency of a particular securities market).

Plaintiffs' complaint pleads sufficient facts to support the inference of an efficient market. Plaintiffs allege that after the "sudden" disclosures in an AMS release announcing that defendant Young had been suspended from his positions with AMS and that an internal investigation had revealed that "Young had directed and approved the 'unauthorized transfer' of $4.1 million[,]" (Complaint ¶ 27), and that "[i]n reaction to these disclosures, the price of AMS common stock plunged $1.375 per share, or 22.9% of its value, from $6.00 per share at the close on March 24, 1992, to $4.625 per share at the close on March 25, 1992, on an unusually large volume of trading in AMS shares." (Complaint ¶ 29).

**326**

pleads the requisite "in connection" requirement.

 7. Defendant argues that plaintiffs' complaint fails to meet the particularity requirements of Fed.R.Civ.P. 9(b). Fed. R.Civ.P. 9(b) requires fraud to be pled with particularity. C. Wright & A. Miller, 5 *Federal Practice and Procedure* Civil 2d § 1297 (1990 & Supp.1992). The particularity requirement of Fed.R.Civ.P. 9(b) has three purposes: (1) to place defendants on notice and enable them to prepare meaningful responses; (2) to preclude the use of a groundless fraud claim as a pretext to discovering a wrong; and (3) to safeguard defendant from frivolous charges which might damage defendants' reputations. *See Seville Industrial Machine Corp. v. Southmost Machinery Corp.*, 742 F.2d 786, 791 (3d Cir.1984), *cert. denied,* 469 U.S. 1211, 105 S.Ct. 1179, 84 L.Ed.2d 327 (1985).

 8. The allegations are sufficiently specific to place defendants on notice of the statements and conduct by which plaintiffs claim to have been injured. Plaintiffs allege that defendants knowingly and recklessly misrepresented and omitted material facts, which were ultimately disclosed in the March 25, 1992, press release. Moreover, plaintiffs have provided defendant with notice of the documents and times at issue. (Complaint ¶ 30). Plaintiffs' complaint satisfies the particularity requirement, and it will not be dismissed pursuant to Fed.R.Civ.P. 9(b).

 9. Defendant contends that the complaint violates Fed.R.Civ.P. 8(a)(2). Fed.R.Civ.P. 8(a)(2) requires that the complaint set forth a "short and plain statement" of the claims sufficient to give defendants fair notice of the nature of the claims and of the grounds upon which the claims are based. *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434, 464 (3d Cir.1977), *cert. denied,* 434 U.S. 1086, 98 S.Ct. 1280, 55 L.Ed.2d 791 (1978).

10. Defendant recognizes that the complaint seeks to state claims under section 10(b) of the Securities Exchange Act of 1934, *Memorandum in Support of Ameri-*can Mobile Systems' Motion to Dismiss Plaintiffs' Class Action Complaint, p. 2, and discussed above. The complaint identifies the alleged misrepresentations and omissions, the type of documents alleged to contain material misrepresentations and omissions, the period during which the documents were issued, and the impact on defendant AMS's stated financial condition. (Complaint ¶¶ 26–41). Therefore, plaintiffs' complaint satisfies the requirements of Fed.R.Civ.P. 8(a).

AND IT IS SO ORDERED.