**REPUBLIC ENVIRONMENTAL SYSTEMS, (PA), INC.,
Plaintiff,**

v.

**REICHHOLD CHEMICALS, INC., Defendant.**

No. 93–CV–6092.

United States District Court,
E.D. Pennsylvania.

March 28, 1994.

Jeanne J. Dworetzky, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, PA, for plaintiff.

Robert T. Egan, Archer & Greiner, P.C., Haddonfield, NJ and Mark J. Oberstaedt, Archer & Greiner, P.C., Philadelphia, PA, for defendant.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

Plaintiff, Republic Environmental Systems (PA), Inc. ("Republic") treated and disposed of wastewater generated by Defendant, Reichhold Chemicals, Inc. ("Reichhold"). The water was disposed of through a public sewer and is alleged to have caused a taste and odor problem in the public drinking water. Republic brought this suit alleging (1) breach of contract, (2) fraud and intentional misrepresentation, and (3) negligent misrepresentation. Republic asserts that Reichhold neglected to disclose a large number of chemical components in the water, even though it signed a Waste Characterization Report certifying that the report contained an accurate description of what was contained in the water.

Reichhold has motioned for dismissal of Count II of Republic's complaint for a failure to plead fraud with particularity. For the following reasons, Defendant's motion to dismiss is denied.

■ Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n all averments of fraud ... the circumstances constituting fraud ... shall be stated with particularity." Fed.R.Civ.P. 9(b). The particularity requirement places a burden on a plaintiff to plead:

> (1) a specific false representation of material fact; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) that the plaintiff acted upon it to his damage.

*Shapiro v. UJB Financial Corp.*, 964 F.2d 272, 284 (3d Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 365, 121 L.Ed.2d 278 (1992) (citing *Christidis v. First Pennsylvania*

*Mortgage Trust*, 717 F.2d 96, 99 (3d Cir. 1983)). The Third Circuit has held, however, that "'focusing exclusively on [Rule 9(b)'s] particularity language is too narrow an approach and fails to take account of the general simplicity and flexibility contemplated by the rules.'" *Seville Indus. Machinery v. Southmost Machinery*, 742 F.2d 786, 791 (3d Cir.1984), *cert. denied*, 469 U.S. 1211, 105 S.Ct. 1179, 84 L.Ed.2d 327 (1985) (quoting *Christidis*, 717 F.2d at 100).

■ Rule 9(b) was not intended to be so strict as to require a plaintiff to know all details regarding the alleged fraud before fraud may be plead. *United States v. Kensington Hosp.*, 760 F.Supp. 1120, 1125–26 (E.D.Pa.1991). Under a "non-restrictive application" of Rule 9(b), a plaintiff will not be required to plead information which is strictly in the control of the defendant. The pleader must, however, allege that the necessary information is within the defendant's control and include a statement of facts upon which the allegations are based. *Shapiro*, 964 F.2d at 289 (citing *Craftmatic Securities Litigation v. Kraftsow*, 890 F.2d 628, 645 (3d Cir.1989)). The statement should outline plaintiff's efforts which were taken to obtain the necessary information from defendant before filing the complaint. *Id.* at 285.

Although Plaintiff has not asserted exactly which chemicals it claims were present in the wastewater, it has particularized the claim so that Defendant is on notice as to the alleged fraud with which it is charged. Moreover, Plaintiff has asserted that the information regarding the chemical make-up of the wastewater is within Defendant's control and Plaintiff's statement of the facts supports this claim. The complaint also alleges that an effort to work with Defendant and obtain the information was made, but to no avail.

■ Generally, there are three purposes for the particularity requirement of Rule 9(b). First, particularity serves to put the defendant on notice so that a meaningful response may be prepared. Second, it is intended to prevent the use of a groundless claim as a pretext to uncovering a wrong which was done. Finally, the requirement is intended to protect defendants from frivolous

**132**

suits which could damage their reputations. *Seidman v. American Mobile Systems, Inc.,* 813 F.Supp. 323, 326 (E.D.Pa.1993). While it will usually be necessary to meet the specificity requirement, to plead the "time, place and content of the misrepresentation and damages," all that is required is to put the defendant on sufficient notice of the claims to which a response is necessary. *Seville,* 742 F.2d at 791. If the defendant can prepare an adequate answer to the complaint, the requirements of Rule 9(b) have been met. *Denny v. Carey,* 72 F.R.D. 574, 578 (E.D.Pa. 1976).

In the instant case, Plaintiff has met its burden of alleging fraud with enough specificity for Defendant to prepare an adequate response. Plaintiff specifically stated that the Waste Characterization Report signed by Defendant failed to disclose chemicals in the water. This put Defendant on notice of the specific false representation with which it is charged. Further, Plaintiff has claimed Defendant knew or should have known of the report's falsity. Additionally, Plaintiff has alleged that the report was signed and given to Plaintiff so that Plaintiff would act by disposing of the wastewater for Defendant. Finally, Plaintiff explained that it took the wastewater in reliance on the report and damages resulted. From this, it is a logical inference that Plaintiff is asserting its ignorance of the falsity of the report. Thus, the elements of fraud have been stated with sufficient particularity to remove the risk of Defendant being charged with fraud in a frivolous suit to which it can not respond.

Since Plaintiff has met the requirements of Rule 9(b) and alleged fraud with particularity such that Defendant may prepare an adequate answer to the complaint, Defendant's motion to dismiss will be denied.