MacFarlane v. McKean, Esq.          CV-92-614-SD  01/16/96
                UNITED STATES DISTRICT COURT FOR THE

                    DISTRICT OF NEW HAMPSHIRE


James MacFarlane

      v.                                    Civil No. 92-614-SD

Edgar D. McKean III, et al


                          O R D E R


     This order addresses the balance of the issues raised in

certain currently pending motions (in addition to a flurry of

materials in supplementation) and not disposed of by this court's

prior order of July 10, 1995.[1]


1.  Summary Judgment Standard

     Summary judgment shall be ordered when "there is no genuine

issue as to any material fact and . . . the moving party is

entitled to a judgment as a matter of law."  Rule 56(c), Fed. R.

Civ. P.  Since the purpose of summary judgment is issue finding,

not issue determination, the court's function at this stage "'is

---

     [1]In said order, the court, inter alia, (1) converted
defendants' motion to dismiss (document 51) into a motion for
summary judgment; (2) ruled that plaintiff would be required to
support his legal malpractice claims with expert testimony; and
(3) granted plaintiff additional time to identify and locate such
an expert.

not [] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" Stone & Michaud Ins., Inc. v. Bank Five for Savings, 785 F. Supp. 1065, 1068 (D.N.H. 1992) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)). Although "motions for summary judgment must be decided on the record as it stands, not on litigants' visions of what the facts might some day reveal," Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994), the entire record will be scrutinized in the light most favorable to the nonmovant, with all reasonable inferences indulged in that party's favor, Smith v. Stratus Computer, Inc., 40 F.3d 11, 12 (1st Cir. 1994), cert. denied, ___ U.S. ___, 115 S. Ct. 1958 (1995); see also Woods v. Friction Materials, Inc., 30 F.3d 255, 259 (1st Cir. 1994); Maldonado-Denis, supra, 23 F.3d at 581.

"In general . . . a party seeking summary judgment [is required to] make a preliminary showing that no genuine issue of material fact exists." National Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir.) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)), cert. denied, ___ U.S. ___, 115 S. Ct. 2247 (1995).

> A "genuine" issue is one that properly can be resolved only by a finder of fact because it may reasonably be resolved in favor of either party. Maldonado-Denis, 23 F.3d at 581. In

2

> other words, a genuine issue exists "if there is 'sufficient evidence supporting the claimed factual dispute' to require a choice between 'the parties' differing versions of the truth at trial.'" Id. (quoting Garside [v. Osco Drug, Inc.,] 895 F.2d [46,] 48 [1st Cir. 1990)]. A "material" issue is one that might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Libertad v. Welch, 53 F.3d 428, 435 (1st Cir. 1995).

"'The evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve . . . .'" National Amusements, supra, 43 F.3d at 735 (quoting Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 181 (1st Cir. 1989)). Accordingly, "purely conclusory allegations, . . . rank speculation, or . . . improbable inferences" may be properly discredited by the court, id. (citing Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990)), and "'are insufficient to raise a genuine issue of material fact,'" Horta v. Sullivan, 4 F.3d 2, 8 (1st Cir. 1993) (quoting August v. Offices Unlimited, Inc., 981 F.2d 576, 580 (1st Cir. 1992)).

## 2. Defendants' Motion for Summary Judgment (document 51)

Bifurcating plaintiff's legal malpractice allegations, defendants assert an entitlement to summary judgment on the

3

negligent misconduct claims (Counts I-V) due to lack of expert testimony and a finding in their favor on the intentional misconduct/fraud claims (Counts VI-VIII) for failure to plead with particularity.

### a.  Allegations of Negligent Misconduct

The sole basis for defendants' summary judgment motion as to Counts I-V is that plaintiff, when the motion was originally filed, had not disclosed an expert.  "Without expert testimony to establish that the Defendants' representation did not comport with the professional standard of conduct required of attorneys, the Plaintiff's claim of negligence/malpractice must be dismissed as a matter of law."  Defendants' Motion for Summary Judgment ¶ 7.  Plaintiff initially disputed the need for such expert testimony, but, pursuant to particular leave of the court, obtained same.[2]

As this court earlier ruled,

> The New Hampshire Supreme Court has not yet addressed the issue as to whether expert testimony is required in an action for legal malpractice.  This court is satisfied, however, that the better rule, which will be adopted in New Hampshire, is that such expert testimony is required unless the legal

---

[2]Whether plaintiff timely disclosed his experts and who will be permitted to testify at trial will be discussed in part 3 infra.

4

> malpractice alleged is so obvious that lay
> jurors could rely on their own knowledge to
> decide the issue.

Order of July 10, 1995, at 2-3 (citing Jim Mitchell & Jed Davis,
P.A. v. Jackson, 627 A.2d 1014 (Me. 1993), cert. denied, ___ U.S.
___, 114 S. Ct. 903 (1994), and Pongonis v. Saab, 486 N.E.2d 28
(Mass. 1985)); see also Focus Inv. Assocs., Inc. v. American
Title Ins. Co., 992 F.2d 1231, 1239 (1st Cir. 1993) (noting and
adopting "the most widely accepted rule . . . that a legal
malpractice plaintiff must present expert testimony establishing
the appropriate standard of care unless the attorney's lack of
care and skill is so obvious that the trier of fact can resolve
the issue as a matter of common knowledge").

Plaintiff disclosed his expert and her opinion in a
Supplementary Objection filed with the court on August 14, 1995.
See August 10, 1995, Written Report of Roberta A. Harding, Esq.
(attached to Plaintiff's Supplementary Objection). After
reviewing the evidence in this matter and indicating alleged
deficiencies in the representation plaintiff received during his
divorce proceedings, Attorney Harding concludes, "In my opinion,
based upon, reviewing the Coos County Superior Court Docket No.
86-M-174 and your complaint in this case your complaint states a
valid claim for legal malpractice against Atty Edgar D. McKean,
III and Atty Julia Nye." August 10, 1995, Harding Report at 4.

5

By virtue of such expert testimony, plaintiff has sufficiently deflected defendants' summary judgment argument. As such, the court is unable to conclude that no reasonable juror could find in plaintiff's favor on the negligent misconduct claims. Accordingly, defendants' motion for summary judgment as to Counts I-V must be and herewith is denied.

### b. Allegations of Intentional Misconduct/Fraud

Citing to Rule 9(b), Fed. R. Civ. P.,[3] defendants assert that since plaintiff "has no specific evidence" to support his claims, "the allegations not only should now be dismissed but should never have been made in the first place." Defendants' Memorandum of Law at 4-5.[4]

Rule 9(b) seeks to achieve three general purposes:

> First, particularity serves to put the defendant on notice so that a meaningful response may be prepared. Second, it is intended to prevent the use of a groundless claim as a pretext to uncovering a wrong

---

[3]Said provision of the Rule allows, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

[4]"Since Fed. R. Civ. P. 9(b) is a special pleading requirement, it governs the procedure in federal courts in all diversity suits. State law, however, governs the burden of proving fraud at trial." Simcox v. San Juan Shipyard, Inc., 754 F.2d 430, 439 n.9 (1st Cir. 1985) (citation omitted).

6

> which was done.  Finally, the requirement is
> intended to protect defendants from frivolous
> suits which could damage their reputations.

Republic Envtl. Sys., (PA), Inc. v. Reichhold Chems., Inc., 154
F.R.D. 130, 131-32 (E.D. Pa. 1994) (citation omitted); see also
Killian v. McCulloch, 850 F. Supp. 1239, 1254 (E.D. Pa. 1994)
("The rule's purpose is to give notice to the defendant of the
precise misconduct with which she is charged, and to protect her
from any spurious charges of fraudulent or immoral behavior.")
(citation omitted).

Two First Circuit principles apply to the present inquiry.
First, the Circuit has stated that "Rule 9 must be read in
conjunction with Rule 8 which provides that . . . 'all pleadings
shall be construed so as to do substantial justice.'"  Simcox,
supra note 4, 754 F.2d at 440 (quoting Rule 8(f), Fed. R. Civ.
P.).  Second, plaintiff's pro se status all but requires the
court to hold his complaint to a "less stringent" standard than
pleadings drafted by attorneys.  See Eveland v. Director of CIA,
843 F.2d 46, 49 (1st Cir. 1988) (per curiam) (citing Haines v.
Kerner, 404 U.S. 519, 520 (1972) (per curiam)).  "As long as
there is some precision and some measure of substantiation in the
pleadings, [Rule 9(b)] will be satisfied."  Killian, supra, 850
F. Supp. at 1254.

7

When questioned on the issue during his deposition, the following colloquy took place.

Q. . . . .
Now, in paragraph 9, you allege that "Jack Crisp perpetrated a deliberate fraud against the Courts of New Hampshire in collusion and in conspiracy with defendants to predetermine the outcome of the State proceedings so that all of the attorneys could corruptly recover substantial and unjustified legal fees so as to affect the issuance of the aforesaid State judgment of $67,200 at a minimum."
Is that correct?
A. That is what it reads, yes.
Q. Would you please describe for me the basis of that allegation?
A. The basis of that allegation is a pattern, a pattern by Ted McKean where that he placed me, due to his negligence and lack of duty and care, he placed me in a situation to where that he--you might as well say he put me on Jack Crisp's platter, and that Jack Crisp did a hatchet job on me.
He did this because of the fact he did not protect any of my property. He gave me very, very bad advice, and as a result of all of this, it is obvious that my pie was put out there so that Jack Crisp could share in it. I was a sucker with the money in the program, and that's exactly the way I was treated.
Q. This particular paragraph alleges that --refers to Jack Crisp perpetrating a deliberate fraud upon the Courts of New Hampshire in collusion and conspiracy with the defendants.
I guess my question to you, sir, is--let me try and break it down this way. Do you have any documents which support your claim that Jack Crisp perpetrated a deliberate fraud upon the Courts of New Hampshire in collusion and conspiracy with the defendants? In other words, can you point to any documentation either in your file or that you have knowledge of that supports that allegation?

8

> A. No.
> Q. Can you describe any conversation that you are aware of that would support that allegation specifically?
> A. No, only the pattern, only the pattern.

MacFarlane Deposition at 14-16. Plaintiff alleges that further support for these claims can be inferred "from the totality of the record in this case, including the [Pre-Nuptial Agreement] and the oral argument transcript submitted herewith, together with the 'pattern' testimony of Plaintiff, the Court record, trial and appellate, from New Hampshire, and the attorney and client files in this matter . . . ." Plaintiff's Supplementary Objection at 5.

To be sure, the recitation of "evidence" hereinabove described is not what the court would describe as either "weighty" or "conclusive". However, with due regard for the plaintiff's pro se status, as well as an acknowledgement that the "proof" in claims alleging fraud are usually within the exclusive control of those against whom such claims are made, the court finds that the interests of justice would be ill-served by brevis disposition of plaintiff's complaint.[5]

---

[5]Indeed, the Circuit has stood fast by the principle that "actions should ordinarily be resolved on their merits." Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989) (citations omitted); accord Richmond v. General Motors Corp., 437 F.2d 196 (1st Cir. 1971) (same).

9

Accordingly, defendant's motion for summary judgment as to the intentional fraud/misconduct claims (Counts VI-VIII) must be and herewith is denied.

3. Plaintiff's Disclosure of Experts

The original discovery schedule in this matter contemplated disclosure of experts by December 7, 1994. Based on plaintiff's failure to designate an expert, defendants moved for summary judgment. As part of his objection thereto, plaintiff sought, and this court granted, leave to locate an expert in the field of legal malpractice. In accordance therewith, plaintiff was to file the opinion of his expert with the court by the close of business on August 14, 1995. This deadline was further extended to September 5, 1995.

a. Roberta A. Harding, Esq.

On August 14, 1995, plaintiff filed with the court the opinion of his expert, Attorney Roberta A. Harding. Recognizing that defendants did not receive same until August 16, 1995, Defendants' Response to Plaintiff's Further Supplementary Objection ¶ 3, the court nonetheless finds and rules that plaintiff's disclosure of his expert witness was timely and in compliance with the court's directives.

The court likewise finds no fault in plaintiff's September 15, 1995, Supplementation of Attorney Harding's Report. See Local Rule 26.1(b) ("Parties shall make disclosures mandated by Fed. R. Civ. P. 26(a)(2) when ordered by the court or, if the court has not established the time for disclosure, at the time set by Rule 26(a)(3)."). Specifically, Rule 26(a)(2)(C), Fed. R. Civ. P., directs, "The parties shall supplement . . . [expert testimony] disclosures when required under subdivision (e)(1)."[6] Since Rule 26(a)(3) states "these disclosures shall be made at least 30 days before trial," plaintiff's supplementation of previously disclosed expert testimony was neither erroneous nor untimely.

### b. Philip Cobbin, Esq.

By way of Further Supplementary Objection filed with the court on September 15, 1995, plaintiff disclosed the identity and opinion of a second expert witness whom he intends to call at

_____

[6]Subdivision (e)(1) provides, in relevant part,

> With respect to testimony of an expert from whom a report is required under subdivision (a)(2)(B) the duty extends both to information contained in the report and to information provided through a deposition of the expert, and any additions or other changes to this information shall be disclosed by the time the party's disclosures under Rule 26(a)(3) are due.

11

trial. However, the discovery schedule in this matter, after much extension and delay, closed on September 5, 1995, some ten days <u>before</u> plaintiff's submission. Accordingly, the court finds and rules that plaintiff is herewith barred from introducing Attorney Cobbin's opinion and testimony in accordance therewith at trial.[7]

4. Defendants' Request for Further Discovery

In response to plaintiff's ultimate disclosure of an expert witness, "the defendant asks for an opportunity to conduct full discovery concerning the plaintiff's experts, including depositions of plaintiff's expert(s) and in addition, to the extent deemed necessary by the defendant, to prepare its case an opportunity to redepose the plaintiff." Defendants' Response to Plaintiff's Further Supplementary Objection ¶ 10. Such a request strikes the court as appropriate and warranted.

---

[7]The court notes repeated references in plaintiff's objection papers to a claimed reservation of right "to retain additional, supplementary expert witnesses . . . " Plaintiff's Supplementary Objection at 1; Plaintiff's Further Supplementary Objection at 2. In accordance with the rulings made herein, the only expert plaintiff shall be entitled to call at trial is Attorney Roberta A. Harding. All other experts are barred due to untimely disclosure.

Trial on this matter has been calendared to commence April 16, 1996.[8] Accordingly, the court further reopens and extends discovery to March 1, 1996, for the sole purpose of permitting defendants, after having reviewed Harding's report, to depose Attorney Harding. Defendants are also permitted, within the time frame here established, to redepose the plaintiff, should such course of conduct be deemed necessary to their proper preparation for trial on the merits. This renewed discovery deadline will not, however, be subject to any further extension.[9]

Conclusion

For the reasons set forth herein, defendants' motion for summary judgment (document 51) is denied as to all counts. Plaintiff is entitled to present the expert testimony of Attorney Harding, but not that of Attorney Cobbin. Defendants shall have until March 1, 1996, to depose plaintiff's expert and, if necessary, redepose plaintiff. In all events, this case will go

_____

[8]The court notes, but defers comment upon, defendants' recently-filed notice of a potential scheduling conflict.

[9]Subsequent to the filing of their response, defendants filed a motion for clarification (document 64) of the court's trial notice, which indicated that discovery in this matter was closed. Said motion is herewith granted, subject to the terms and conditions ordered herein.

13

forward to trial as scheduled, currently calendared to commence April 16, 1996.

SO ORDERED.

                                                 _____
Shane Devine, Senior Judge
United States District Court

January 16, 1996

cc:   James MacFarlane, pro se
      Jeffrey H. Karlin, Esq.