Joseph BENEVENTO, Drew W. Krapf, Esther Rosenblum, Bruce C. Compaine, Edward Maze, and Rita Baskin, Plaintiffs for themselves and all other similarly situated annuity purchasers,

v.

LifeUSA HOLDING, INC., Defendant.

Civ.A. No. 97–7827.

United States District Court, E.D. Pennsylvania.

Sept. 4, 1998.

John M. Elliott, Thomas J. Elliott, Timothy T. Myers, Mark A. Kearney, Elliott, Reihner, Siedzikowski and Egan, P.C., Blue Bell, PA, for plaintiffs.

William T. Hangley, Daniel Segal, Hangley, Aronchick, Segal and Pudlin, Philadelphia, PA, for defendant.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

The Defendant has filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 9(b), on grounds that the complaint fails to plead any alleged fraudulent conduct with the particularity required by that rule. In addition, Defendant asserts that the remaining counts, which incorporate and rely so heavily upon the insufficiently particularized fraud counts, cannot stand independently of those fraud counts and must be dismissed as well. For the reasons set forth below, Defendant's motion is denied.

### Background

Joseph Benevento, Drew W. Krapf, Esther Rosenblum, Bruce C. Compaine, Edward Maze and Rita Baskin ("Plaintiffs") on behalf of themselves and all other similarly situated purchasers of annuities sold by LifeUSA Holding Inc. and its subsidiaries and divisions including LifeUSA Insurance Company, Inc. ("LifeUSA"), brought an action against the defendant seeking injunctive and declaratory relief and compensatory and punitive damages arising from Defendant's standardized pattern and practice of deceptive and fraudulent practices in the issuance,

circulation, solicitation, and sale of its "Accumulator" series of annuity policies.

Defendant LifeUSA Holding, Inc. began in 1987 as a new annuity company. Defendant sells a variety of annuities products, including its Accumulator annuity products. Generally speaking, annuity policies are a savings vehicle which allows a purchaser to deposit funds with an insurance company for a minimum of one year based upon representations of having a "fully insured" and guaranteed cash account which accumulates and pays interest on funds on a tax deferred basis; and then, at any time after one year of investment, electing either a lump sum return of funds or receiving a payout for a minimum of five (5) years of principal and interest or interest only and then receiving the lump sum distribution.

Plaintiffs can be broken down into two subgroups of Accumulator annuity purchasers who, (1) like Drew Krapf and Esther Rosenblum, purchased LifeUSA's Accumulator annuity policies between August 1, 1989 and October 1, 1997 ("the Class Period") and have not, to date, withdrawn any funds from the Accumulator annuity and their principal and interest remains with LifeUSA; or (2) like Joseph Benevento, Bruce Compaine, Edward Maze and Rita Baskin, purchased LifeUSA's Accumulator annuity policies and decided during the Class Period to withdraw their funds through a minimum five-year payout.

Plaintiffs claim that during the Class Period, Defendant created and disseminated material misrepresentations and nondisclosures with the intent of inducing Plaintiffs and others to purchase Defendant's annuity policies.

Specifically, Plaintiffs allege that LifeUSA created and implemented a purposeful scheme to deceive and mislead the plaintiffs and the class of LifeUSA purchasers through:[1]

(1)(a) inducing agents to sell LifeUSA annuities, as opposed to other annuity policies, by promising the highest com-

---

1. Paragraph citations in this section of this memorandum are references to the original complaint.

missions, equity ownership in LifeUSA, "producer perks" and wire transfer of commissions within twenty-four hours of obtaining the purchaser's funds and before the purchasers receive their LifeUSA "fine print" contract;

(b) training their sales agents through standardized and uniform misrepresentations and nondisclosures that, *inter alia,* the agents' clients, through LifeUSA, would be paid substantial interest bonuses, "current" interest rates, and obtain "fully insured" and "safe" economic gain greater than the gains offered in the stock market or Certificates of Deposit;

(c) concealing and failing to disclose the true terms of the LifeUSA Accumulator annuity from the purchasers, who are given no written materials from the LifeUSA and provided with only an application and the uniform representations of LifeUSA agents based upon LifeUSA's standardized misrepresentations and material omissions taught to the agents;

(d) immediately rewarding the agents with "producer perks" within twenty-four (24) hours of sale and then later sending fine print annuity contracts which are misleading and ambiguous;

(e) disguising the interest rates paid to LifeUSA purchasers in quarterly accountings by comparing the Accumulator annuity favorably with Bank Certificates of Deposit and then misrepresenting the "yield" as the "interest rate," thus purposefully creating a false impression that the represented "compounded daily" interest rate is much higher, when in fact, the interest rate is less than the represented "interest rate".

By this motion, Defendant argues that this case should be dismissed because Plaintiffs failed to plead fraudulent conduct with sufficient particularity as is required Fed. R.Civ.P. 9(b). Defendant further alleges that if all of Plaintiffs' claims and causes of action other than their fraud claims rely on and incorporate the fraud claims to such an extent that the remaining claims and causes of action cannot stand if the fraud claims are dismissed, the complaint should be dismissed in its entirety.

## Discussion

■ As noted, Defendant's motion to dismiss for failure to plead fraudulent conduct with sufficient particularity invokes Fed. R.Civ.P. 9(b). This rule provides that,

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

Additionally, to state a cause of action for fraud or fraudulent misrepresentation under Pennsylvania law, Plaintiffs must plead damages to the recipient as the proximate result of the misrepresentation. *Killian v. McCulloch,* 850 F.Supp. 1239, 1252 (3d Cir.1994) (quoting *Constitution Bank v. DiMarco,* 155 B.R. 913, 918 (E.D.Pa.1993)). Other elements of a properly pleaded claim for fraudulent misrepresentation include: 1) a misrepresentation; 2) a fraudulent utterance thereof; 3) intention by the maker that the recipient will thereby be induced to act; and 4) justifiable reliance by the recipient upon the misrepresentation. *Christidis v. First Pennsylvania Mortgage Trust,* 717 F.2d 96, 99 (3d Cir.1983); *Killian,* 850 F.Supp. at 1252; *Constitution Bank,* 155 B.R. at 918.

■ Bearing in mind that Rule 9(b) must be harmonized with Rule 8(a)(2) which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," the Third Circuit has cautioned that focusing exclusively on Rule 9(b)'s "particularity" language is too narrow an approach and subjects the allegations of fraud to too strict a scrutiny. *Constitution Bank,* 155 B.R. at 918; *Seville Industrial Machinery Corp. v. Southmost Machinery Corp.,* 742 F.2d 786, 791 (3d Cir.1984); *See Republic Environmental Systems, (PA), Inc. v. Reichhold Chemicals, Inc.,* 154 F.R.D. 130, 131 (E.D.Pa.1994). In other words, Rule 9(b) was not intended to be so strict as to require a plaintiff to know all the details regarding the alleged fraud before fraud may be plead. *Republic,* 154 F.R.D. at 131; *United States v. Kensington Hospital,* 760 F.Supp. 1120, 1125–26 (E.D.Pa.1991). Thus, Rule 9(b) requires plaintiffs to plead the circumstances of

the alleged fraud with particularity to ensure that defendant is placed on notice of the "precise misconduct with which [it] is charged, and to safeguard defendant against spurious charges of fraud." *Craftmatic Securities Litigation v. Kraftsow,* 890 F.2d 628, 645 (3d Cir.1989) (quoting *Seville,* 742 F.2d at 791).

While it will usually be necessary to plead the "time, place and content of the misrepresentation and damages" to satisfy the specificity requirement of Rule 9(b), all that is required is to put the defendant on sufficient notice of the claims to which a response is necessary. *Republic,* 154 F.R.D. at 132 (quoting *Seville,* 742 F.2d at 791). If the defendant can prepare an adequate answer to the complaint, the requirements of Rule 9(b) have been met. *Republic,* 154 F.R.D. at 132; *Denny v. Carey,* 72 F.R.D. 574, 578 (E.D.Pa.1976).

Furthermore, courts have relaxed Rule 9(b)'s particularity requirement when factual information is peculiarly within the defendant's knowledge or control. *Craftmatic,* 890 F.2d at 645; *Saporito v. Combustion Engineering Inc.,* 843 F.2d 666, 675 (3d Cir. 1988). Particularly in cases of corporate fraud, plaintiffs cannot be expected to have personal knowledge of the details of corporate internal affairs. *Craftmatic,* 890 F.2d at 645; *Shapiro v. UJB Financial Corp.,* 964 F.2d 272, 285 (3d Cir.1992); *See Republic,* 154 F.R.D. at 131. The pleader must, however, allege that the necessary information is within the defendant's control and include a statement of facts upon which the allegations are based. *Republic,* 154 F.R.D. at 131; *Shapiro,* 964 F.2d at 289 (citing *Craftmatic,* 890 F.2d at 645). The statement should outline plaintiff's efforts which were taken to obtain the necessary information from defendant before filing the complaint. *Republic,* 154 F.R.D. at 131; *Shapiro,* 964 F.2d at 285.

Applying the above considerations to the instant case, Plaintiffs have met their burden of alleging fraud with enough specificity for Defendant to prepare an adequate

response.[2] In reviewing the plaintiff's complaint in the light most favorable to it, as the non-movant, Plaintiffs allege fraudulent non-disclosures and misrepresentations in Count Two of their original complaint. Plaintiffs state in detail, the specific allegations that contain the misrepresentations made to them by LifeUSA and how LifeUSA practiced this alleged fraudulent conduct. *See* (Plaintiffs complaint at p. 15–27). In addition, Plaintiffs claim that they are unable to provide specific information, such as time, place and participants to LifeUSA's fraudulent nondisclosures and misrepresentations, because that information is contained within the documents which are in the sole possession and control of LifeUSA. *See* (Plaintiffs complaint at ¶ 99).

Furthermore, Plaintiffs, in paragraph 83 of their complaint, specifically plead what they claim the misrepresentation was ("failing to fully and candidly disclose ... what the interest rate paid on LifeUSA annuities was ..."), a fraudulent utterance thereof ("failing to fully and candidly disclose ... in standardized presentations, training seminars ...; that all plaintiffs are 'guaranteed' a minimum interest rate on their investment for the life of their policy ..."), intention by the maker that the recipient will thereby be induced to act ("failing to fully and candidly disclose and misrepresenting, by bold and capitalized emphasis on misleading interest rates and benefits ..."), and damage to the recipient as the proximate result of the misrepresentation ("... Plaintiffs and Class members receive significantly less interest paid on their funds.").

These allegations are, we find, sufficiently specific to identify the circumstances underlying the fraud and to put the Defendant on notice of the claims against it and to enable it to formulate defenses thereto. Defendant's motion to dismiss will therefore be denied.

---

2. Both Defendant and Plaintiffs focus on whether or not fraudulent conduct was pleaded with enough particularity to satisfy Rule 9(b). Thus

for purposes of this motion, we will examine only on the fraudulent nondisclosure and misrepresentation claims.