James McCOY

v.

UNITED STATES of America.

Civ. A. Misc. No. 91–0014.

United States District Court,
E.D. Pennsylvania.

March 14, 1991.

James McCoy, Philadelphia, Pa., pro se.

Maureen Barden, Asst. U.S. Atty., Philadelphia, Pa., for the U.S.

## MEMORANDUM OPINION
## AND ORDER

VANARTSDALEN, Senior District Judge.

## I. INTRODUCTION AND
## PROCEDURAL HISTORY

James McCoy (McCoy) filed a "Petition for Remission or Mitigation of the Forfeiture" and "Civil Complaint-in Tort Claim 28 U.S.C. § 1355– § 903–9 U.L.A. 187" with attachments on January 10, 1991. His petition and the attached exhibits appear to be photocopies of papers prepared by Robert B. Mozenter, Esq., acting as McCoy's counsel, and filed on August 18, 1989 with the Drug Enforcement Agency (DEA). McCoy appears to have drafted the civil complaint himself. While the August petition and exhibits seem to have been served on the government, the January filing, in which McCoy is acting pro se, was not served.

Consequently, the government did not respond to McCoy's complaint until February 20, 1991 when it asked for an extension of time until March 1, 1991 for the DEA to complete administrative proceedings. On March 1, 1991, the government entered its supplemental response in which it requested that motion in his "Memorandum of Law in Support of Conplaintiff's [sic] Response as to a Rebuttal" on March 11, 1991.

## II. STANDARDS FOR RULING ON
## THE GOVERNMENT'S MOTION
## TO DISMISS

Since McCoy is acting pro se, his complaint must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). The government challenges the sufficiency of his complaint, but does not elaborate the procedural grounds for its challenge. I shall treat the government's response and supplemental response as a motion to dismiss for failure to state a cause of action under Federal Rule of Civil Procedure 12(b)(6), and as a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

■ The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *Sturm v. Clark*, 835 F.2d 1009, 1011 (3d Cir.1987). If the facts pled in the complaint and the reasonable inferences therefrom are legally insufficient, a motion to dismiss may be granted. *Commonwealth ex rel. Zimmerman v. Pepsico, Inc.*, 836 F.2d 173, 179 (3d Cir.1988). In deciding a motion to dismiss, all factual allegations and all reasonable inferences therefrom must be accepted as true and viewed in the light most favorable to the non-moving party. *Wisniewski v. Johns–Manville Corp.*, 759 F.2d 271 (3d Cir.1985).

Accordingly, since McCoy is the non-moving party and is proceeding pro se, I shall examine all the facts in the light most favorable to his position, and shall construe his complaint liberally. Even under this generous standard, however, his complaint fails to state a cause of action, or to allege subject matter jurisdiction, and will be dismissed. His complaint may be read to assert two claims, one arising from the administrative delay in deciding his petition for remission or mitigation of forfeiture, and one based on the merits of the DEA's belated ruling on the petition. As I later discuss, the delay caused no due process violation and the delay allegations fail to state a claim. I lack jurisdiction to review the merits of the DEA's denial of McCoy's petition.

## III. FACTUAL BACKGROUND AND DUE PROCESS CLAIM

■ McCoy's complaint contains only bare factual allegations; therefore, my understanding of the facts necessarily draws upon the petition and exhibits filed by McCoy with the complaint as well as the complaint itself.

On February 19, 1989, McCoy loaned a 1987 Citroen Prestige automobile, vehicle identification number 1C9CT215OHH291039, to Arthur Smith (Smith). *See* Petition for Remission or Mitigation at ¶¶ 2, 4. Smith was arrested on that date in connection with a drug transaction, and the car was seized by the DEA.

*Id.* at ¶ 4. Smith was subsequently convicted in federal district court of attempted possession of P2P with intent to distribute on May 14, 1989. *Id.* On July 19, 1989, the DEA sent McCoy a notice of seizure and intention to forfeit the automobile. *See* Notice attached to August 18, 1989 affidavit of James McCoy (submitted by McCoy as an attachment to his "Civil Complaint-in Tort Claim"). The notice states that the seizure was authorized by 21 U.S.C. § 881, and that proceedings to administratively forfeit the automobile were under way as provided in 19 U.S.C. §§ 1602–1619, and 21 C.F.R. § 1316.71–1316.81.

Liberally construed, plaintiff's "Memorandum of Law" may be read as challenging the appropriateness of the administrative proceedings because he argues that the value of his car exceeds ten thousand dollars. Previously the law provided that administrative proceedings could only be used in cases where the value of the item in question did not exceed ten thousand dollars. That law, 19 U.S.C. § 1607, was amended in 1984, however, and the jurisdictional limit was raised to one hundred thousand dollars. This change is reflected in the regulations at 21 C.F.R. § 1316.75(a). While it may have been arguable whether the value of a 1987 Citroen Prestige exceeded ten thousand dollars, no one can claim it is worth over one hundred thousand dollars. Thus, the use of administrative, rather than judicial, forfeiture was correct; the DEA proceeded with a proper administrative forfeiture.

■ The notice of seizure indicated that McCoy could petition the DEA for remission or mitigation of the forfeiture, and/or could contest the forfeiture in court. To contest the forfeiture in court, McCoy was required to post bond or submit a request to proceed in forma pauperis. It appears from the dates of signatures on the papers prepared by Mozenter, that McCoy retained Mozenter and submitted a petition for remission or mitigation of the forfeiture in August, 1989, rather than contest the forfeiture in court.

The government's response acknowledges that McCoy served the petition for remission or mitigation on August 18, 1989. *See* Government's Response at ¶ 3. The government reports that the DEA issued a declaration of forfeiture on October 4, 1989, which McCoy then contested through the proper means. *Id.* at ¶¶ 3–4. Apparently, the DEA did not act upon McCoy's petition until after he filed this lawsuit because, it alleges, it "did not receive all of the information it sought from its field offices." *Id.* at ¶ 4.

This lack of attention to McCoy's claim is inexcusable. A citizen should not be required to wait over a year and four months and forced to file a lawsuit to have a petition for remission or mitigation of forfeiture resolved by the DEA. The DEA's failure to act on McCoy's claim before February 28, 1991 is to be harshly criticized. The delay, however, does not give rise to a due process claim by McCoy (if, indeed, a due process violation is what McCoy claims in his complaint which seeks relief "as an American Citizen under the Constitutional Amendment Clause, for the equal rights and protection for all people").

As the Supreme Court has suggested, the appropriate response to an agency's failure to act is for a claimant to file suit under the Administrative Procedure Act, 5 U.S.C. 706(1), to compel agency action. *See United States v. Von Neumann,* 474 U.S. 242, 253 n. *, 106 S.Ct. 610, 616 n. *, 88 L.Ed.2d 587 (1986) (Stevens, J., concurring). McCoy cannot claim a due process violation when he could have cured the problem himself by filing such an action. Moreover, any due process violation that existed has been cured by the DEA finally ruling on McCoy's petition. Relief under the Administrative Procedure Act would ordinarily have consisted only of an order compelling agency action, not one requiring the return of the car.[1] *See LaChance v. Drug Enforcement Admin.,* 672 F.Supp. 76, 79–80

(E.D.N.Y.1987), and cases cited therein. Agency action has already occurred in this case; thus, McCoy has no due process claim arising from the delay in ruling upon his petition.

The DEA denied McCoy's petition for remission or mitigation. The regulations do not require that the DEA hold a hearing before it makes these determinations. Thus, any challenge McCoy had to the DEA's decision on procedural grounds (*e.g.* lack of a hearing) would fail. *See* 21 C.F.R. § 1316.71 et seq.; 28 C.F.R. § 9 et seq.

## IV. REVIEW OF THE MERITS OF THE DEA'S RULING

█ The case law makes it abundantly clear that once the government has made an administrative determination on a petition for remission or mitigation, the courts have no authority to review that decision. "[C]ourts have uniformly held that the remission decision of the Attorney General is not open to judicial review.... we conclude that any petition for remission or mitigation must be brought before the Attorney General, and that federal courts have no authority to modify or review that decision." *United States v. Kravitz,* 738 F.2d 102, 104 (3d Cir.1984) (citations omitted), *cert. denied,* 470 U.S. 1052, 105 S.Ct. 1752, 84 L.Ed.2d 816 (1985). For further authority, see the list of citations in *LaChance,* 672 F.Supp. at 79–80.

Some cases suggest that in some circumstances courts may have equitable jurisdiction. *See United States v. Premises Known as 608 Taylor Ave.,* 584 F.2d 1297, 1299 n. 3 (3d Cir.1978). In *608 Taylor Ave.,* the court heard a motion for return of goods before any forfeiture proceedings had been initiated. The Third Circuit Court of Appeals noted that "[j]urisdiction to entertain such a motion is founded on the inherent supervisory power of the district

---

1. Conceivably, if monetary damages were sustained because of a delay sufficiently extended to constitute a due process violation, a *Bivens* type of damage claim might be asserted against the responsible federal officials. *See Bivens v. Six Unknown Named Agents of the FBI,* 403 U.S.

388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Such a claim probably could not be successful if the forfeiture was ruled valid, despite the delay, because no damages could, in such event, result from mere delay.

court over the United States Attorney's office and over law enforcement officials within the district." *Id.*

Those cases, however, involve situations in which no agency ruling has been made, or in which claimants are challenging the appropriateness of the procedures used by the agency. In this case, the DEA has made a final determination, and McCoy does not allege lack of notice of the forfeiture. In fact, he has attached his notice of the forfeiture as an exhibit, and does not contend that the notice was inadequate. Therefore, it seems to me that exercising equity jurisdiction would be inappropriate in this case.

Therefore, I shall dismiss McCoy's complaint and petition. Even if I disagreed with the DEA's denial of McCoy's petition and construed all the facts in the light most favorable to McCoy, as a matter of law, I have no ability to change the DEA's ruling because I lack jurisdiction. Furthermore, the DEA's ruling did not violate any of McCoy's due process rights, and McCoy's complaint fails to state a cause of action.