**Theodore CLARK**

v.

**SEARS ROEBUCK & COMPANY.**

Civ. A. No. 92–6438.

United States District Court, E.D. Pennsylvania.

March 29, 1993.

William P. Murphy, Prospect Park, PA, for plaintiff.

Eric A. Weiss, Liebert, Short & Hirshland, Philadelphia, PA, for defendant.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

The Defendant, Sears, Roebuck & Company has brought this civil rights action before the Court by filing a motion to dismiss both of Plaintiff's Title VII, 42 U.S.C. § 2000e–5 and Section 1981, 42 U.S.C. § 1981 claims. For the reasons which follow, the motion is denied.

## I. HISTORY OF THE CASE

According to the allegations set forth in the complaint, the Plaintiff, Theodore Clark is "a black individual" who prior to August, 1991 had been "employed by Sears in Philadelphia for approximately twenty-four years as an at-will employee." Beginning in 1987, Mr. Clark was employed as both the Receiving Manager and the Maintenance Manager at Sears' retail store at 22nd Street and Oregon Avenue in Philadelphia at an hourly wage rate of $10.63. In the summer of 1989,

however, Sears gave the position of Receiving Manager to a white employee, Anthony Barile. Mr. Clark was not criticized for his performance as Receiving Manager; to the contrary, he received a pay raise to $10.95 per hour and was told that Mr. Barile had been given the position because he had requested a change from his then-present position as Service Station Manager due to family pressures and job dissatisfaction.

In June, 1991, Mr. Clark contends he first learned (through documents anonymously provided to him from someone having access to Sears' private files), that in September, 1989, Sears had paid $13.42 per hour to Mr. Barile for his work as Receiving Manager. Because that rate of pay had never been made available to him when he had the position, Plaintiff Clark now claims that the Defendant discriminated against him on the grounds of race in violation of Section 1981 and Title VII of the Civil Rights Acts of 1964 and 1991.

## II. STANDARDS APPLICABLE TO FED. R.CIV.P. 12(b)(6) MOTIONS TO DISMISS

 It is well-settled that the most-commonly used vehicle for challenging the sufficiency of a claim or pleading filed in the district courts is a motion to dismiss for failure to state a claim upon which relief can be granted made pursuant to Fed.R.Civ.P. 12(b)(6). In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may also be taken into account. 5A Wright & Miller, *Federal Practice and Procedure: Civil 2d* § 1357, citing, *inter alia, Chester County Intermediate Unit v. Pennsylvania Blue Shield,* 896 F.2d 808, 812 (3rd Cir.1990). As a general rule, the court must accept as true the facts alleged in the complaint together with all reasonable inferences that can be drawn therefrom and construe them in the light most favorable to the plaintiff. *Markowitz v. Northeast Land Co.,* 906 F.2d 100, 103 (3rd Cir.1990); *Hough/Loew Associates, Inc. v. CLX Realty Co.,* 760 F.Supp. 1141

(E.D.Pa.1991). The court's inquiry is directed to whether the allegations constitute a statement of a claim under Rule 8(a) and whether the plaintiff has a right to any relief based upon the facts pled. Dismissal under Rule 12(b)(6) for failure to state a claim is therefore limited to those instances where it is certain that no relief could be granted under any set of facts that could be proved. *Ransom v. Marrazzo,* 848 F.2d 398, 401 (3rd Cir.1988); *Angelastro v. Prudential–Bache Securities, Inc.,* 764 F.2d 939, 944 (3rd Cir. 1985), *cert. denied,* 474 U.S. 935, 106 S.Ct. 267, 88 L.Ed.2d 274 (1985). Thus, if the facts pled in the complaint and the reasonable inferences therefrom are legally insufficient, a motion to dismiss may be granted. *McCoy v. United States,* 758 F.Supp. 299, 301 (E.D.Pa.1991).

Moreover, as a general rule under Fed. R.Civ.P. 8(c):

"In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, *statute of limitations,* waiver, and any other matter constituting an avoidance or affirmative defense . . ." (emphasis supplied)

■ Although the quoted language of this rule would seem to suggest that the statute of limitations defense cannot be raised via a Rule 12(b) motion to dismiss, an exception is made where the affirmative defense clearly appears on the face of the pleading. In this regard, it has been reasoned that since Rule 9(f) makes averments of time material, the inclusion of dates in the complaint indicating that the action is untimely renders it subject to dismissal for failure to state a claim. 5A Wright & Miller, *Federal Practice and Procedure: Civil 2d,* § 1357. Consequently, a 12(b)(6) motion should not be granted on limitations grounds unless the complaint facially shows noncompliance with the limitations period. *Morgan v. Kobrin Securities, Inc.,* 649 F.Supp. 1023, 1027–1028 (N.D.Ill.

1986). *See Also: Trevino v. Union Pacific Railroad Co.,* 916 F.2d 1230 (7th Cir.1990).

### III. *THE SUFFICIENCY OF THEODORE CLARK'S CIVIL RIGHTS CLAIMS*

■ By way of its motion to dismiss, Sears first makes the two-fold argument that Plaintiff has failed to state a viable cause of action under Section 1981 as a consequence of the United States Supreme Court's decision in *Patterson v. McLean Credit Union,* 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989) and that, even in the event that this Court should find that such a claim has been stated, both it and Plaintiff's Title VII claim are time-barred under the applicable statutes of limitations. Obviously then, any analysis of these arguments must first begin with close and careful scrutiny of the *Patterson* decision and the subsequent Congressional enactment of the Civil Rights Act of 1991.

Specifically, in *Patterson v. McLean Credit Union,* the United States Supreme Court was faced with the question of whether the plaintiff, a black woman employed by the defendant credit union as a teller and file coordinator for ten years, had stated a cause of action under Section 1981 when she alleged that the said defendant had harassed, failed to promote and eventually discharged her solely because of her race. In upholding the district court's issuance of binding instructions to the jury on plaintiff's Section 1981 claim, the United States Supreme Court declined to overrule its decision in *Runyon v. McCrary,* 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976) that while Section 1981 prohibits racial discrimination in the making and enforcement of private contracts, it does not extend beyond conduct by an employer which impairs an employee's ability to enforce through legal process his or her established contract rights. Rather, the court noted, claims of racial discrimination in the workplace are to be redressed through the vehicle and administrative mechanisms of Title VII, which mechanisms would effectively be "rendered a dead letter" were plaintiffs permitted to circumvent them by using Section 1981 (which has no administrative prerequisites) to bring causes of action based

upon such discrimination claims. *See:* 491 U.S. at 180, 109 S.Ct. at 2375. Accordingly, the court held that neither the plaintiff's racial harassment claims nor her discriminatory promotion claim were actionable under Section 1981. *See Also: Hayes v. Community General Osteopathic Hospital,* 940 F.2d 54 (3rd Cir.1991); *Perry v. Command Performance,* 913 F.2d 99 (3rd Cir.1990).

Effective November 21, 1991, however Section 1981 was amended, and the definitions set forth therein were broadened to essentially make actionable discrimination claims such as the ones brought by the plaintiff in *Patterson,* i.e., those which arose in the course of an employment relationship. Indeed, Section 1981 now reads as follows:

### § 1981. Equal rights under the law

#### (a) Statement of equal rights

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

#### (b) Definition

For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

#### (c) Protection against impairment

The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

Defendant Sears has taken the position that the Plaintiff cannot invoke this amendment because he filed his complaint with the Equal Employment Opportunity Commission one day before the effective date of the new act and the majority of the courts which have considered the issue have held against retroactive application of the amendment to cases then pending in the courts. *See, e.g.: Kim-ble v. DPCE, Inc.,* 784 F.Supp. 250 (E.D.Pa. 1992); *Thompson v. Johnson & Johnson Management Information Center,* 783 F.Supp. 893 (D.N.J.1992). Inasmuch as Mr. Clark did not bring *this* action until November 9, 1992, some seven weeks after the EEOC issued notice of his Right to Sue and in view of the fact that the Supreme Court in the very case upon which Defendant relies recognized that a plaintiff must first pursue those administrative remedies available through the EEOC before commencing a private lawsuit under Title VII, this Court finds Defendant's argument that the Civil Rights Act of 1991 cannot be applied here to be completely meritless. Indeed, to accept the Defendant's premise in this case would be to penalize the Plaintiff for doing that which the law requires if he wishes to pursue a Title VII, as well as a Section 1981 action. This we refuse to do and, for this reason, Sears' motion to dismiss Count I of the complaint on this ground is denied.

We also decline to grant the instant motion on statute of limitations grounds in light of the state of the record at this point. In so holding, we first recognize that 42 U.S.C. § 1981 does not provide a limitations period and therefore, federal courts apply the most appropriate or analogous state statute in the state in which the suit is filed. *Goodman v. Lukens Steel Co.,* 482 U.S. 656, 658, 107 S.Ct. 2617, 2620, 96 L.Ed.2d 572 (1987); *Whatley v. Department of Education,* 673 F.2d 873, 874 (5th Cir.1982). In Pennsylvania, the two-year limitations statute governing personal injury actions is properly applied to Section 1981 claims. *Goodman v. Lukens Steel Co., supra,* 482 U.S. at 662, 107 S.Ct. at 2621. To maintain a cause of action under Title VII, in turn, a plaintiff must have filed a claim with the EEOC within 180 days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e–5(e).

The limitations period for Section 1981 employment discrimination cases commences when the plaintiff knows or reasonably should know that the discriminatory act has occurred. This is the same point from which the Title VII 180–day limitations period runs. *Stafford v. Muscogee County Board of Education,* 688 F.2d 1383, 1390

(11th Cir.1982); *Cuffy v. Getty Refining & Marketing Co.,* 648 F.Supp. 802, 808 (D.Del. 1986).

Similarly, where a plaintiff can produce evidence of a continuing violation of his or her rights under the civil rights acts, the limitations periods for bringing actions thereunder may be tolled. *See, e.g.: Delaware State College v. Ricks,* 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980). The principle underlying the continuing violation theory is that the plaintiff demonstrate a pattern or practice of discrimination that has continued into the present. To successfully argue a continuing violation theory, the plaintiff will have to show a present violation, i.e. one within the statute of limitations period that is reasonably related to previous discriminating acts that, standing alone, would be barred by the statute of limitations. *Carr v. Town of Dewey Beach,* 730 F.Supp. 591, 604 (D.Del. 1990); *Cuffy v. Getty Refining & Marketing Co.,* 648 F.Supp. 802, 809–810 (D.Del.1986). Stated otherwise, to establish a continuing violation, the plaintiff must show a substantial nexus between the time-barred acts and the timely-asserted acts. In determining whether such a nexus exists, the courts have considered instructive such factors as the subject matter of the discrimination, the frequency of the occurrences and the degree of permanence of the violation (i.e. if the violation should trigger an employee's awareness of his/her rights under the statute). *Robinson v. Caulkins Indiantown Citrus Co.,* 701 F.Supp. 208, 211 (S.D.Fla.1988) citing *Berry v. Board of Supervisors of L.S.U.,* 715 F.2d 971, 981 (5th Cir.1983), and *Milton v. Weinberger,* 645 F.2d 1070, 1077 (D.C.Cir.1981). *See Also: Hood v. New Jersey Dept. of Civil Service,* 680 F.2d 955, 958 (3rd Cir.1982); *Chung v. Pomona Valley Community Hospital,* 667 F.2d 788 (9th Cir.1982).

Finally, in appropriate cases, statutes of limitations in employment discrimination cases may be equitably tolled. Equitable tolling of a limitations period is available when the defendant has actively misled the plaintiff respecting the cause of action or where his own acts or omissions have lulled the plaintiff into foregoing prompt attempts to vindicate his rights. *Miller v. Beneficial*

*Management Corp.,* 977 F.2d 834, 844 (3rd Cir.1992); *Williams v. Army and Air Force Exchange Service,* 830 F.2d 27, 30 (3rd Cir. 1987).

Applying these principles to the case now before us, it is of course noteworthy that while the Plaintiff last worked as a receiving manager in August, 1989 and, in fact last worked for Sears on August 31, 1989, he did not file his Title VII EEOC claim until November 20, 1991. Likewise, Plaintiff did not file this civil action until November 9, 1992. What's more, there are no allegations in the complaint nor is there anything in the limited record of this case to suggest that Mr. Clark was the victim of a continuing violation or that Sears actively misled or lulled him into foregoing his pursuit of his rights and/or legal remedies for a possible violation of his rights. This Court thus agrees with the Defendant's argument that neither the continuing violation nor the equitable tolling doctrines are available to provide this Plaintiff relief from the above-referenced statutes of limitations.

This finding notwithstanding, we nevertheless cannot grant Defendant's motion to dismiss. According to paragraphs 14–17, the Plaintiff did not know nor did he have any reason to know that a significant wage disparity existed between himself and his successor until June, 1991, when he was anonymously supplied with copies of Sears' payroll summaries for 1989. Because we believe that, at least on the present record, a reasonable jury could find that Mr. Clark did not know and could not have known of the disparity in compensation between himself and Anthony Barile until June of 1991, judgment is not appropriately entered in Defendant's favor at this time. *See: Miller v. Beneficial Management Corp., supra,* at 843. Defendant's 12(b)(6) motion is therefore denied in its entirety and Defendant shall be directed to file its answer to the complaint.

An appropriate order is appended hereto.

## ORDER

AND NOW, this 29th day of March, 1993, upon consideration of Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to

Fed.R.Civ.P. 12(b)(6), it is hereby OR-DERED that the Motion is DENIED in accordance with the rationale set forth in the foregoing Memorandum Opinion.

Defendant is DIRECTED to file its Answer to the Complaint within ten (10) days of receipt of this order. *See:* Fed.R.Civ.P. 12(a).