**William JAIRETT, et al., Plaintiffs,**

v.

**FIRST MONTAUK SECURITIES CORP., et al., Defendants.**

**CIV.A. No. 00–1889.**

United States District Court, E.D. Pennsylvania.

July 6, 2001.

---

Robert J. Sugarman, Sugarman & Associates, Frank R. Emmerich, Jr., Conrad, O'Brien, Gellman & Rohn, PC, Philadelphia, PA, for plaintiffs.

Denis C. Dice, Peter B. Andrews, Marshall, Dennehey, Warner, Coleman & Goggin, Harry R. Blackburn, Derek B. Eddy, Albert N. Peterlin, Harry R. Blackburn & Associates, Joel W. Todd, Dolchin, Slotkin & Todd, P.C., Philadelphia, PA, for defendants.

Hatfield Bailey & Werth, Bala Cynwyd, PA, pro se.

Hubert Burkat, Philadelphia, PA, pro se.

Anthony P. Tabasso, Klehr, Harrison, Harvey, Branzburg & Ellers, LLP, Philadelphia, PA, for respondent.

## MEMORANDUM

LOWELL A. REED, Jr., Senior District Judge.

Plaintiffs brought this law suit after losing money in an allegedly fraudulent investment scheme.[1] Defendants Monument Financial Services Group, Inc., Hatfield Financial Group, Inc., Hatfield Capital Management, Inc., and Ronald V. Hatfield (collectively referred to as the "Hatfield defendants") filed a second amended answer to the complaint,[2] asserting cross-claims of fraudulent misrepresentation and conspiracy to defraud against defendants United Bank of Philadelphia ("United Bank" or "the Bank"), Hubert Burkat, and Eric Keck. United Bank filed an answer to the complaint, asserting cross-claims of fraudulent misrepresentation against the Hatfield defendants. Presently before the court is the motion of United Bank to dismiss the Hatfield defendants' cross-claims (Document No. 62) and the motion of the Hatfield defendants to dismiss United Bank's cross-claims (Document No. 66), both filed pursuant to Federal Rule of Civil Procedure 12(b)(6). Upon consideration of the motions to dismiss, and the responses and replies thereto, for the following reasons, both motions will be denied.

## I. BACKGROUND

The facts of this case are complex, and I mention here only those facts necessary to adjudicate these motions to dismiss. According to the complaint, around 1998, defendants Hatfield, Burkat, and Keck[3] founded and became partners in Monument Financial Services Group, Inc. ("Monument Financial"), a licensed consumer discount company, with Hatfield as "President," and Keck as "Secretary."[4] In early 1999, plaintiffs invested money with Monument Financial after being told that it purchased collateralized mortgage rollover and offered a full array of mortgage services. Each plaintiff received a security equal to the amount of their respective investment, and the security agreements between plaintiffs and Monument Financial listed United Bank as the depository bank. The total amount paid by plaintiffs and deposited with United Bank was $450,000.

Monument Financial opened an account for the investment funds at United Bank on or about January 22, 1999,[5] and directed the bank to disburse the funds only upon the dual authorization of Hatfield and Keck.[6] Plaintiffs and the Hatfield defendants claim that, contrary to those instructions, five checks bearing only the signature of Keck, totaling approximately $132,000, were honored by the bank in February, 1999, and that additional disbursements may have been made without proper authorizations. Ac-

---

1. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action arose under federal law, specifically, federal securities law. This Court has supplemental jurisdiction over the remaining state claims pursuant to 28 U.S.C. § 1367.

2. In actuality, this was the Hatfield defendants' *third* amended answer. Because this document is referred to by the parties and the docket as the "*Second* Amended Answer and Cross-Claim," for clarity's sake, it will be cited as such in this memorandum.

3. Keck sometimes used the alias of "Eric *Kack*."

4. According to United Bank, "Monument Financial was not an entity" (United Bank's Ans. at

¶ 55), did not "exist[] as a corporation" (United Bank's Am. Cross-cl. at ¶ 3(b)(1)), or "was [not] a legitimate business enterprise." (*Id.* at ¶ 3(b)(4)).

5. This date was taken from plaintiffs' Ex. H to the complaint, which is entitled "Business New Account Worksheet." The complaint itself, at ¶ 54, gives the date as January 11, 1999, which was admitted by United Bank. (Ans. at ¶ 54). United Bank's amended cross-claim at ¶ 3(b)(1), (2) presents the date as "on or about January 26 or 27, 1999."

6. Keck used the alias of "Kack" for the purposes of this account.

cording to United Bank, the first of these checks, which was honored on February 10, 1999, "contained the signatures of both Hatfield and Kack." (United Bank's Ans. at ¶ 56.) Furthermore, according to United Bank, "the instructions were changed from time to time" (*Id.*) and Monument Financial "through its duly authorized representatives, authorized the Bank to pay checks on Kack's signature." (*Id.* at ¶ 57.) According to the Bank, Hatfield represented to United Bank, on or about February 12, 1999, that Kack "was authorized to issue Monument funds on his signature alone." (United Bank's Am. Cross-cl. at ¶ 3(b)(4).) United Bank eventually froze the account. According to the Hatfield defendants, the improperly drawn funds were diverted by Burkat and Keck to non-investment entities, without the knowledge of plaintiffs or the Hatfield defendants. According to United Bank, the funds went toward restaurants that were nominally owned by Burkat, and in which Hatfield was a partner, or at least had some financial interest. In any event, the money was not invested in collateralized mortgage rollover, and the plaintiffs' security interests were not perfected. As a result, on April 11, 2000, plaintiffs brought numerous civil claims against United Bank, the Hatfield defendants, and others. On March 15, 2001, Magistrate Judge M. Faith Angell granted the Hatfield defendants leave to amend their second amended answer and assert additional cross-claims of fraudulent misrepresentation and conspiracy to defraud against United Bank, Burkat, and Keck. On March 30, 2001, the Hatfield defendants filed another second amended answer and cross-claim. On April 12, 2001, United Bank filed an answer to the complaint, with cross-claims asserted against the Hatfield defendants. United Bank and the Hatfield defendants now bring these motions to dismiss. United Bank subsequently amended its cross-claims of fraudulent misrepresentation against the Hatfield defendants, thereby attempting to cure any defects in its original cross-claims and moot the Hatfield defendants' motion to dismiss.

## II. ANALYSIS

### A. *Standard for Motion to Dismiss*

Rule 12(b) of the Federal Rules of Civil Procedure (2001) provides that "the following defenses may at the option of the pleader be made by motion: ... (6) failure to state a claim upon which relief can be granted." In deciding a motion to dismiss under Rule 12(b)(6), a court must take all well pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *See Jenkins v. McKeithen,* 395 U.S. 411, 421–422, 89 S.Ct. 1843, 1849, 23 L.Ed.2d 404, 416–417 (1969). Because the Federal Rules of Civil Procedure require only notice pleading, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). A motion to dismiss should be granted if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59, 65 (1984). In considering a motion to dismiss, the proper inquiry is not whether a plaintiff will ultimately prevail, but rather whether a plaintiff is permitted to offer evidence to support its claims. *See Children's Seashore House v. Waldman,* 197 F.3d 654, 658 (3d Cir.1999), *cert. denied,* 530 U.S. 1275, 120 S.Ct. 2742, 147 L.Ed.2d 1006 (2000) (quoting *Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir.1996)). The court may consider the allegations in the complaint, as well as any exhibits attached thereto. *See Pension Benefit Guar. Corp. v. White Consol. Indus. Inc.,* 998 F.2d 1192, 1196 (3d Cir.1993). The defendant bears the burden of showing that plaintiffs have failed to state a claim for which relief can be granted. *See Gould Elec. Inc. v. U.S.,* 220 F.3d 169, 178 (3d Cir.2000).

### B. *United Bank's Motion to Dismiss*

#### 1. *Count IV: Fraudulent misrepresentation*

Under Pennsylvania law, the tort of intentional or fraudulent misrepresentation consists of the following elements:

(1) *a false representation of an existing fact* or nonprivileged failure to disclose,

(2) which is material to the transaction at hand,

(3) made with knowledge of its falsity or recklessness as to whether it is true or false,

(4) with the intention of misleading another into relying on it;

(5) justifiable reliance on the misrepresentation; and

(6) a resulting injury proximately caused by the reliance.

*Benevento v. Life USA Holding, Inc.,* 61 F.Supp.2d 407, 417 n. 3 (E.D.Pa.1999) (citing *Gibbs v. Ernst,* 538 Pa. 193, 207, 647 A.2d 882, 889 (1994) (citing *Restatement (Second) of Torts* § 525 (1977)); *Huddleston v. Infertility Ctr. of Am., Inc.,* 700 A.2d 453, 461 (Pa.Super.1997); *Wittekamp v. Gulf & Western, Inc.,* 991 F.2d 1137, 1142 (3d Cir.1993)) (emphasis added).

 United Bank's first attack on the fraud claim focuses on the requirement that there be a false representation of an existing fact. Oddly, United Bank concedes that the Hatfield defendants have pled "that the Bank did not *intend* to fulfill its arrangement with Monument to pay checks only on authorized signatures" (United Bank's Mem. at 3) (emphasis added), yet insist on arguing that this allegation does not constitute actionable fraud. Pennsylvania law, however, recognizes that "a misrepresentation of fact, opinion, *intention* or law for the purpose of inducing another to act or refrain from acting in reliance thereon in a business transaction" constitutes actionable fraud. *Neuman v. Corn Exch. Natl. Bank & Trust,* 356 Pa. 442, 450, 51 A.2d 759, 763 (1947) (adopting *Restatement of Torts* § 525 (1939)) (emphasis added).[7] Thus, a statement of present intention which is false when uttered may constitute a fraudulent misrepresentation of fact, and thereby satisfy the first element of a fraud cause of action. *See Timberline Trac-*

*tor & Marine, Inc. v. Xenotechnix, Inc.,* Civ.A. No. 98–3629, 1999 WL 248644, at *2–3, 1999 U.S. Dist. LEXIS 5873, at *8–9 (E.D.Pa. Apr. 27, 1999) (citing *Greto v. Radix Sys., Inc.,* Civ.A. No. 93–6910, 1994 WL 73762, at 1, 1994 U.S. Dist. LEXIS 2682, at *2 (E.D.Pa. Mar. 10, 1994); *HCB Contractors v. Rouse & Assoc., Inc.,* Civ.A. No. 91–CV–5350, 1992 WL 176142, at *1, 1992 U.S. Dist. LEXIS 9916, at *3 (E.D.Pa. July 16, 1992) ("What is relevant under Pennsylvania law, then, is not that future performance is promised but that the present expression is honest."); *College Watercolor Group, Inc. v. William H. Newbauer, Inc.,* 468 Pa. 103, 115, 360 A.2d 200, 206 (1976) ("Statements of intention, ... which do not, when made, represent one's true state of mind are misrepresentations known to be such and are fraudulent.")).[8]

 The Court observes, however, that, despite United Bank's "concession," the Hatfield defendants do not allege that United Bank misrepresented an *intention* not to perform. Rather, the cross-claim alleges that "United Bank fraudulently represented that checks *would not be drawn* upon the Monument Financial account without two signatures, ... when, in fact, numerous checks *were drawn* upon the account with only one signature." (Second Am. Ans. and Cross-cl. at ¶ 252) (emphasis added.) This allegation actually forms a misrepresentation of an existing fact. While the Hatfield defendants need not prove their case at this stage, the theory they appear to bring forward is that in representing that checks would not be honored without the two required signatures, United Bank represented that procedures existed to prevent the drawing of such checks, when, in fact, adequate procedures did not exist. According to the argument, United

---

7. *See Restatement (Second) of Torts* § 525 cmt. c (1977) ("A representation of the state of mind of the maker or of a third person is a misrepresentation if the state of mind in question is otherwise than as represented. Thus, a statement that a particular person, whether the maker of the statement or a third person, is of a particular opinion or has a particular intention is a misrepresentation if the person in question does not hold the opinion or have the intention asserted."); *see also id.* at cmt. d (distinguishing expressions of fact, including intention, from those

merely of opinion, in reference to what constitutes justifiable reliance).

8. Thus, United Bank's citation of *Huddleston,* 700 A.2d at 461, and *Krause v. Great Lakes Holdings, Inc.,* 387 Pa.Super. 56, 67, 563 A.2d 1182, 1187 (1989), for the proposition that the breach of a promise to do something in the future does not constitute fraud, is irrelevant here, where the object of the fraud is present intention, not future performance.

Bank either went into the transaction knowing that its procedures were unreliable, or were reckless as to whether those procedures were reliable or not. This allegation constitutes fraud. Therefore, I conclude that the Hatfield defendants have successfully pled the "false representation of an existing fact" element of fraud, and have thus stated a cause of action for fraudulent misrepresentation.

Alternatively, United Bank contends that the fraud claim does not plead facts with the particularity required by Federal Rule of Civil Procedure 9(b), as clarified by Rule 9(f). Rule 9(b) provides, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed.R.Civ.P. 9(b). United Bank argues that the cross-claim is deficient because it fails to allege facts specifying who made the statements, to whom the statements were made, or when they were made. In addition United Bank cites Rule 9(f), which provides, "For the purpose of testing the sufficiency of a pleading, averments of time and place are material. . . ." Fed. R.Civ.P. 9(f).

■ A plain reading of Rule 9, however, would indicate that Rule 9(f) is not intended to append or qualify Rule 9(b), and that both sub-rules stand alone and have independent application. "Rule 9(f) does not require specificity in pleading time and place, but provides only that when specific allegations are made, they are material." *Borrell v. Weinstein Supply Corp.*, Civ.A. No. 94–2857, 1994 WL 530102, at *3 n. 4 (E.D.Pa. Sept. 27, 1994) (citing James Wm. Moore, *Moore's Federal Practice* vol. 2, § 9.07[1], 9–41 (3d ed., LEXIS 2001)). "By 'material,' Rule 9(f) means such allegations are significant in that any difficulties with the allegations may cause immediate loss of a claim or defense. Thus, a date used by a claimant in pleading a claim for relief may trigger a dismissal if the statute of limitations is shown to have run." Moore, *Moore's Federal Practice* at vol. 2, § 9.07[1], 9–41 to 9–42. *See also Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir.1975); *Clark v. Sears Roebuck*

*& Co.*, 816 F.Supp. 1064, 1067 (E.D.Pa. Mar. 29, 1993) (citing Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* vol. 5A, § 1357, 352–354 (2d ed., West 1990)); Wright & Miller, *Federal Practice and Procedure* at vol. 5, § 1309, 696 ("It should be made perfectly clear that Rule 9(f) does not require the pleader to set out specific allegations of time and place; it merely states the significance of these allegations when they actually are interposed.").

■ In assessing fraud claims under Rule 9(b), the Court of Appeals for the Third Circuit has held that plaintiffs need not plead the "date, place or time" of the fraud, so long as they use an "alternative means of injecting precision and some measure of substantiation into their allegations of fraud." *Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644, 659 (3d Cir.1998) (citing *Seville Indus. Mach. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir.1984)). "[I]n applying Rule 9(b), focusing exclusively on its 'particularity' language is too narrow an approach and fails to take account of the general simplicity and flexibility contemplated by the rules." *Seville*, 742 F.2d at 791 (citing *Christidis v. First Pa. Mortg. Trust*, 717 F.2d 96, 100 (3d Cir.1983)). Thus, while "it is certainly true that allegations of date, place or time fulfill these functions, nothing in the rule requires them." *Seville*, 742 F.2d at 791. It is enough that the claim "plead[s] with particularity the 'circumstances' of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged." *Id.* A claim satisfies the requirements of Rule 9(b) if it adequately delineates the acts and transactions constituting the fraud to apprise defendants fairly of the claim, and its allegations are sufficiently clear to enable defendants to answer. *See Benevento v. LifeUSA Holding, Inc.*, 181 F.R.D. 298, 301 (E.D.Pa.1998) (citing *Republic Envtl. Sys., (PA), Inc. v. Reichhold Chemicals, Inc.*, 154 F.R.D. 130, 131 (E.D.Pa. 1994); *Denny v. Carey*, 72 F.R.D. 574, 578–580 (E.D.Pa.1976)).

United Bank relies on two cases for the proposition that a pleading is inadequate unless it sets forth the time, place, and the content of the false representation; both are

distinguishable from the case at bar. First, in *Bernicker v. Pratt*, 595 F.Supp. 1034, 1037 (E.D.Pa.1984), the claim asserted was extremely vague, leading the court to observe that

> no specific or satisfactory allegations of fraud appear in the complaint. Instead, plaintiffs make vague references to defendants' "artifice," "manipulation," and "devices." ... [O]ne can read [the] complaint from cover to cover ... and still have no idea what this "scheme" or "device" supposedly was, in what way it was fraudulent, and how defendants knew it was fraudulent.

*Id.* In the case at bar, the allegations of fraud against United Bank are more specific. The Hatfield defendants allege that "United Bank fraudulently represented that checks would not be drawn upon the Monument Financial account without two signatures, and/or failed to disclose that checks would be draw[n] upon the Monument Financial account, when, in fact, numerous checks were drawn upon the account with only one signature." (Second Am. Ans. and Cross-cl. at ¶ 252.)

■ Second, United Bank turns to *Seligson v. Plum Tree, Inc.*, 361 F.Supp. 748, 756 (E.D.Pa.1973), where the court determined that "the complaint must state the time, place, and content of the false misrepresentation." To the extent that that decision required the time and place of the misrepresentation, it was overruled by *Seville*, 742 F.2d at 791. Regarding the "content" of the misrepresentation, the complaint at issue in *Seligson* failed to "specify the ... circumstances" of the alleged misrepresentations. *Seligson*, 361 F.Supp. at 756. The claim at issue here, while not a model of perfect pleading, "adequately describes the nature and subject of the alleged misrepresentation." *Seville*, 742 F.2d at 791. The facts alleged are sufficient to place United Bank on notice of the precise misconduct with which they are charged, which is fraudulently misrepresenting that checks would only be honored upon two signatures, and this is the aim of the Rule 9(b) requirements. *See id.* Therefore, I conclude that the Hatfield defendants' cross-claim of fraud is stated with

sufficient particularity to survive a challenge under Rule 9 of the Federal Rules of Civil Procedure.

### 2. Count V: Conspiracy to Defraud

While United Bank's motion moves to dismiss the conspiracy claim, the Bank's memorandum of law wholly ignores this allegation. I will address the merits of the motion nevertheless. Under Pennsylvania law, a claim for civil conspiracy requires:

> (1) a combination of two or more persons acting with a common purpose to do *an unlawful act* or to do a lawful act by unlawful means or for an unlawful purpose;
>
> (2) an overt act done in pursuance of the common purpose; and
>
> (3) actual legal damage.

*Chantilly Farms, Inc. v. West Pikeland Twp.*, Civ. A. No. 00–3903, 2001 WL 290645, at *12, 2001 U.S. Dist. LEXIS 3328, at *41 (E.D.Pa. Mar. 23, 2001) (citing *Smith v. Wagner*, 403 Pa.Super. 316, 322–323, 588 A.2d 1308, 1311–12 (1991)) (emphasis added). First, United Bank appears to argue that the cross-claim fails to identify any false representations, which would be the "unlawful act" of a conspiracy to defraud. As detailed above, however, the cross-claim does identify a false representation, namely, that checks would not be drawn upon the account without the two authorized signatures. (*See* Second Am. Ans. and Cross-cl. at ¶¶ 252, 258.)

■ Alternatively, United Bank apparently contends that the conspiracy claim was not stated with the particularity required for a fraud claim under Federal Rule of Civil Procedure 9(b). Courts have determined that although it is true that the underlying fraud action must be pled with particularity under Rule 9(b), as discussed above, a plaintiff bringing a claim of conspiracy to defraud need only satisfy the notice pleading standards of Rule 8. *See U.S. ex rel. Paul E. Atkinson v. Pa. Shipbuilding Co.*, Civ.A. No. 94–7316, 2000 WL 1207162, at *10, 2000 U.S. Dist. LEXIS 12081, at *37–40 (E.D.Pa. Aug. 24, 2000). "Therefore, to survive a motion to dismiss on the conspiracy claim, the plaintiff's complaint need only 'describe the general composition of the conspiracy, some or all of its broad objectives, and defendant's gen-

eral role in that conspiracy.'" *Id.* at *10, 2000 U.S. Dist. LEXIS 12081, at *39–40 (citing *Rose v. Bartle,* 871 F.2d 331, 366 (3d Cir.1989); *Smith v. Berg,* Civ.A. No. 99–2133, 1999 WL 1081065, at *1, 1999 U.S. Dist. LEXIS 18298, at *2 n. 1 (E.D.Pa. Dec. 1, 1999) (applying Rule 9(b) to the allegations of fraud in a civil RICO claim, but not to the related conspiracy claim)).

■ The court in *Atkinson,* 2000 WL 1207162, at *10, n. 16, 2000 U.S. Dist. LEXIS 12081, at *40 n. 16 (citing, *inter alia, Hayduk v. Lanna,* 775 F.2d 441, 443 (1st Cir.1985); *Klein v. Council of Chem. Assns.,* 587 F.Supp. 213, 226–27 (E.D.Pa.1984)), noted that other courts of appeal and district courts within this circuit have concluded that when a plaintiff alleges a conspiracy to defraud, and the "conspiracy alleged is directly linked to the fraud allegations," the allegations must be pled with particularity pursuant to the requirements of Rule 9(b). In the case at bar, the conspiracy alleged is indeed directly linked to the fraud allegations. (*See* Second Am. Ans. and Cross-cl. at ¶ 259–265) ("United Bank conspired to defraud monies ... "; "United Bank's conspiracy to intentionally, fraudulently, and improperly convert monies....") Even so, the allegations of conspiracy here, which involve the interaction between United Bank, Burkat, and Keck, are such that the Hatfield defendants reasonably maintain that they cannot plead with any more specificity, because the facts underlying their claim are particularly within the defendant's knowledge, at this point, and not their own. *See Denny,* 72 F.R.D. at 578; *see also Rolo,* 155 F.3d at 659 (citing *Christidis,* 717 F.2d at 99); *Benevento,* 181 F.R.D. at 301 (citing *Saporito v. Combustion Engr., Inc.,* 843 F.2d 666, 675 (3d Cir.1988); *Craftmatic Sec. Litig. v. Kraftsow,* 890 F.2d 628, 645 (3d Cir.1984)) ("[C]ourts have relaxed Rule 9(b)'s particularity requirement when factual information is peculiarly within the defendant's knowledge or control."). Thus, I conclude that the Hatfield defendants' cross-claim for conspiracy to defraud also survives this motion to dismiss.

*C. Hatfield Defendants' Motion to Dismiss*

■ The Hatfield defendants filed a motion to dismiss the fraud claims brought by United Bank, contending that it does not plead facts with the particularity required by Federal Rule of Civil Procedure 9(b). United Bank responded by filing an amended cross-claim, thereby mooting the motion to dismiss. In the amended cross-claim, United Bank clearly pleads the elements of fraudulent misrepresentation. *See Benevento,* 61 F.Supp.2d at 417 n. 3 (elements listed earlier in this memorandum). Specifically, the Bank now alleges, *inter alia,* that Hatfield represented to United Bank "on or about February 12, 1999 that Eric Kack was his partner, and was authorized to issue Monument funds on his signature alone" (United Bank's Am. Cross-cl. at ¶ 3(b)(4)) and that this representation was material to United Bank disbursing the funds. (*See id.* ¶ 4(a)). The representation was "knowingly false" (*id.* at ¶ 3(b)(4)), was made with the intention of misleading United Bank into relying on it (*see id.* at ¶ 3(b)), and United Bank justifiably did rely on it (*see id.*) to its detriment. (*See id.* at ¶ 3, 3(c), 4). Additionally, United Bank has pled the dates that are significant to its claim, and has characterized the circumstances of the alleged representation sufficiently to enable the Hatfield defendants to answer. I therefore conclude that United Bank has adequately pled a cause of action for fraudulent misrepresentation with sufficient particularity to survive a challenge under Rule 9 of the Federal Rules of Civil Procedure.

### III. CONCLUSION

In sum, defendant United Bank has failed to satisfy its burden in demonstrating that the cross-claims for fraudulent misrepresentation and conspiracy to defraud brought by the Hatfield defendants should be dismissed under Federal Rule of Civil Procedure 12(b)(6). I also conclude that the Hatfield defendants' challenge to United Bank's cross-claims of fraudulent misrepresentation has been adequately addressed by United Bank's amended cross-claims and is therefore moot.

An appropriate order follows.

### ORDER

**AND NOW,** this 6th day of July, 2001, upon consideration of the motion of defen-

dant United Bank of Philadelphia ("United Bank") to dismiss Counts IV and V of the third amended cross-claim of defendants Monument Financial Group, Inc., Hatfield Financial Group, Inc., Hatfield Capital Management, Inc., and Ronald V. Hatfield (Document 62), pursuant to Federal Rule of Civil Procedure 12(b)(6), and the response and reply thereto; and upon consideration of the motion of the defendants Monument Financial Services Group, Inc., Hatfield Financial Group, Inc., Hatfield Capital Management, Inc., and Ronald V. Hatfield to dismiss the cross-claim of United Bank of Philadelphia (Document 66), pursuant to Federal Rule of Civil Procedure 12(b)(6), and the amended cross-claim of United Bank, and for the reasons set forth in the foregoing memorandum, it is hereby **ORDERED** that

1. The motion of United Bank is **DENIED,** and;
2. The motion of Monument Financial Services Group, Inc., Hatfield Financial Group, Inc., Hatfield Capital Management, Inc., and Ronald V. Hatfield is **DENIED.**

**IT IS FURTHER ORDERED** that defendants United Bank, Monument Financial Services Group, Inc., Hatfield Financial Group, Inc., Hatfield Capital Management, Inc., and Ronald V. Hatfield shall answer the respective amended cross-claims no later than **July 26, 2001.**